[No. C005207. Third Dist. Dec. 14, 1988.]

A. JONATHON APPLETON, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
EDWARD COOK et al., Real Parties in Interest.

**COUNSEL**

Estelle A. Schleicher for Petitioner.

No appearance for Respondent.

Daniel P. Whaley for Real Parties in Interest.

**OPINION**

**CARR, Acting P. J.**—Petitioner A. Jonathon Appleton (Appleton) seeks a writ of mandate directing respondent superior court to grant his request for sanctions, based on his contention that under the new discovery act sanctions are mandatory upon the granting of a motion to have requests for admission deemed admitted. We agree and shall order the writ to issue.

Real parties in interest Edward and Janet Cook (Cook) were the insureds under a policy issued by defendant Insurance Company of North America (INA) in 1985. This is an action against INA and Appleton for fraud in connection with the sale of that policy.

In March 1988, Appleton served upon Cook a set of three requests for admission which referred to allegations of the first amended complaint.

Because of an intervening amendment to the complaint, Cook objected but did provide a single purported answer to all three requests. However, this response was not verified.

After unsuccessful attempts to obtain more complete answers and a verification, Appleton moved to have the requests deemed admitted and for sanctions pursuant to Code of Civil Procedure section 2033, subdivision (k).[1] The trial court ordered that Appleton's requests be deemed admitted but denied sanctions.

After Appleton filed the instant petition, we notified the parties that we were considering the issuance of a peremptory writ of mandate and invited opposition. Other than Cook's preliminary opposition, nothing has been filed.

■ Review of a discovery order by extraordinary writ is appropriate where the order involves a significant issue. (*Holm* v. *Superior Court* (1986) 187 Cal.App.3d 1241, 1244 [232 Cal.Rptr. 432].) The petition herein seeks interpretation of a provision of the new discovery act, a matter of first impression. Mandate is appropriate where no legal justification exists for a trial court's exercise of discretion. (See *Lehman* v. *Superior Court* (1986) 179 Cal.App.3d 558, 562 [224 Cal.Rptr. 572]; *Hansen* v. *Superior Court* (1983) 149 Cal.App.3d 823, 827-828 [197 Cal.Rptr. 175].)

Subdivision (k) of section 2033 provides in relevant part: "The requesting party may move for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted, as well as for a monetary sanction under Section 2023. . . . *It is mandatory that the court impose a monetary sanction* under Section 2023 on the party or attorney, or both, whose failure to serve a timely response to requests for admission necessitated this motion." (Italics added.)

This provision became operative July 1, 1987. Prior to that date, the propounding party was required only to notify the opponent that his failure to respond resulted in the requests being deemed admitted. The burden was then on the responding party to file a motion for relief.[2]

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] As operative prior to July 1, 1987, subdivision (a) of section 2033 provided in relevant part: "Upon failure of a party served with requests for admissions pursuant to this section either to answer or to file objections within the period as designated in the request or as extended by the court, the party making the request may serve upon the other party a notice in writing by certified or registered mail, return receipt requested, notifying the party so served that the genuineness of the documents or the truth of the facts has been deemed admitted. Once the notice is served, the party upon whom the notice is served shall not have the right to

Under the new act, the burden is on the propounding party to file a motion under section 2033, subdivision (k), to have requests deemed admitted. Whenever an opponent's failure to serve answers necessitates a motion, the moving party is entitled to sanctions. By the clear language of section 2033, subdivision (k), sanctions are "mandatory."

In the instant case, Appleton moved to have his requests deemed admitted pursuant to section 2033, subdivision (k). The trial court granted this motion but denied the request for sanctions. When counsel pointed out that sanctions were mandatory, the following exchange occurred:

"THE COURT: No, no. I still have discretion. It's not mandatory. It's not mandatory, if I find that there's substantial justification.

"MR. SARGEANT [Counsel for Appleton]: Your Honor, the subsection says, and I quote here (Reading): [¶] 'It is mandatory that the Court impose a monetary sanction under Section 2023 on the party or attorney, or both, whose failure to serve a timely response to requests for admission necessitated this motion.'

"THE COURT: Keep going.

"MR. SARGEANT: That's the end of the subsection, your Honor.

"THE COURT: Keep reading.

"MR. SARGEANT: You may be thinking of the following section, which deals with motion to compel further response. [¶] In that case, it provides if a party unsuccessfully makes or opposes a motion to further compel response, that unless the Court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition —

"THE COURT: I'll take any chances on my ruling. If you disagree with it, you have options available to you."

■ In concluding that it had discretion, the court was apparently referring to section 2033, subdivision (*l*). That subdivision does clothe the court with discretion, but the section applies only when incomplete responses have been given.[3] The responses were provided in this case but they

---

apply for relief under the provisions of Section 473 unless a motion requesting relief is served and filed within 30 days after service of the notice." (Stats. 1983, ch. 141, § 2, p. 330.)

[3] Section 2033, subdivision (*l*), provides in relevant part: "The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully

were not verified. ■ Unsworn responses are tantamount to no responses at all. (*Zorro Inv. Co.* v. *Great Pacific Securities Corp.* (1977) 69 Cal.App.3d 907, 914 [138 Cal.Rptr. 410].) ■ It follows that only subdivision (k) was applicable and it mandates sanctions.

Having complied with the necessary procedural requirements, we shall order issuance of a peremptory writ. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing respondent superior court to vacate that portion of its order denying sanctions and enter a new order granting sanctions in the appropriate amount.

Sparks, J., and Marler, J., concurred.

---

makes or opposes a motion to compel further response, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."