[No. C036542. Third Dist. Mar. 6, 2001.]

TERRY JOSEPH LEAKE, Petitioner, v.
THE SUPERIOR COURT OF BUTTE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

Dale Rasmussen for Petitioner.

No appearance for Respondent.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Stan Cross and Julie A. Hokans, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**SCOTLAND, P. J.**—The People have commenced proceedings for the commitment of Terry Joseph Leake to a secure mental health facility pursuant to the Sexually Violent Predator Act (SVPA). (Welf. & Inst. Code, § 6600 et seq.; further section references are to the Welfare and Institutions Code unless otherwise specified.) Leake moved for a court order directing the exchange of expert witness information as a preliminary step toward deposing the People's two psychiatric experts. The People responded by requesting a protective order on the ground that Leake's motion was untimely. Concluding that civil discovery is not applicable in SVPA proceedings, the superior court denied Leake's motion. Hence, the court did not rule on the People's request for a protective order.

Leake now seeks a writ of mandate to compel the respondent superior court to grant his discovery motion. While appellate courts usually do not provide extraordinary relief concerning a pretrial discovery order, writ review is appropriate in this case because Leake has identified a significant issue of first impression and because the effect of the order is to deny him discovery to which he may be entitled. (*Wagner v. Superior Court* (1993) 12 Cal.App.4th 1314, 1317 [16 Cal.Rptr.2d 534]; *Appleton v. Superior Court* (1988) 206 Cal.App.3d 632, 634 [253 Cal.Rptr. 762].)

As we will explain in the published portion of this opinion, we conclude that the Civil Discovery Act of 1986 applies to SVPA proceedings. Accordingly, we shall issue a peremptory writ of mandate directing the superior court to vacate its order denying Leake's discovery motion and to rule on the People's request for a protective order.

In the unpublished part of this opinion, we reject Leake's other requests for relief.

### FACTUAL AND PROCEDURAL BACKGROUND

Leake was convicted of two counts of lewd or lascivious acts upon a child under the age of 14 years. (Pen. Code, § 288, subd. (a).) Prior to his release from state prison, Leake was referred by the Director of Corrections for evaluation pursuant to section 6601 of the SVPA to determine whether he is

a sexually violent predator who should be committed to a secure facility for mental health treatment. (§ 6604.) Evaluations were conducted by two psychologists, Dr. Harry Goldberg and Dr. John Hupka, both of whom opined that Leake meets the statutory criteria as a sexually violent predator.

A petition was then filed in the superior court for Leake's commitment to the Department of Mental Health as a sexually violent predator. The court found probable cause to believe that Leake is a sexually violent predator, and ordered him committed to a secure facility pending trial. The record reflects that Dr. Goldberg was called as a witness at the probable cause hearing.

Thereafter, Leake served the district attorney with a demand for the exchange of expert witness information pursuant to Code of Civil Procedure section 2034. On the same day, Leake moved to compel the district attorney to produce the expert witness information immediately, in order to facilitate Leake's depositions of the expert witnesses. Leake conceded that the statutory deadline to demand an exchange of expert witness information had expired, but he argued the superior court should authorize a late exchange of expert witness information due to the liberty interest at stake and because deposing the experts would not interfere with the trial date.

The district attorney requested a protective order to quash Leake's demand for the exchange of expert witness information on the ground that it was untimely.

The superior court denied Leake's motion, reasoning that civil discovery procedures do not apply in SVPA proceedings, and concluding that the opportunity to cross-examine the People's psychiatric witnesses during the probable cause hearing protected Leake's right to due process. Consequently, the court did not rule on the People's request for a protective order.

Leake later moved to dismiss the SVPA petition or to change venue. He asserted in both motions that, as applied to him, the SVPA violates the ex post facto and double jeopardy clauses of the United States Constitution in that the conditions of his confinement are punitive. The superior court denied both motions.

Leake then filed a petition for writ of mandate in this court, challenging the orders denying his motions to compel an exchange of expert witness information, to dismiss the SVPA petition, and to change venue. After receiving informal opposition from the People, we stayed the pending trial on the SVPA petition and notified the parties that we were considering

issuing a peremptory writ of mandate in the first instance. The time for further opposition has expired.

Due to the need for speedy resolution of the issues, the issuance of a peremptory writ in the first instance is appropriate in this case. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].) And, having complied with the procedures required by *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], we are authorized to issue a peremptory writ in the first instance.

## DISCUSSION

### I

 For reasons that follow, we agree with Leake that the Civil Discovery Act of 1986 (Code Civ. Proc., § 2016 et seq.) applies in SVPA proceedings.

"In establishing the statutory methods of obtaining discovery, it was the intent of the Legislature that discovery be allowed whenever consistent with justice and public policy." (*Irvington-Moore, Inc. v. Superior Court* (1993) 14 Cal.App.4th 733, 738 [18 Cal.Rptr.2d 49].) Under the Civil Discovery Act of 1986, "[u]nless otherwise limited by order of the court in accordance with this article, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action . . . if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party seeking discovery or of any other party to the action. . . ." (Code Civ. Proc., § 2017, subd. (a).) Code of Civil Procedure section 2034 governs the procedure for deposing expert trial witnesses for "the action."

Judicial remedies are divided into two classes: actions and special proceedings. (Code Civ. Proc., § 21.)[1] An "action" for purposes of the Civil Discovery Act of 1986 "includes a civil action and a special proceeding of a civil nature." (Code Civ. Proc., § 2016, subd. (b)(1).)

 "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection

---

[1]"Actions" are of two kinds: civil and criminal. (Code Civ. Proc., § 24.) Criminal actions include "criminal proceedings." (Evid. Code, § 130.) The Penal Code defines and provides for the prosecution of criminal actions. (Code Civ. Proc., § 31; *Rinaker v. Superior Court* (1998) 62 Cal.App.4th 155, 164 [74 Cal.Rptr.2d 464].)

of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., § 22.) "Every other remedy is a special proceeding." (Code Civ. Proc., § 23.) "As a general rule, a special proceeding is confined to the type of case which was not, under the common law or equity practice, either an action at law or a suit in equity." (*Tide Water Assoc. Oil Co. v. Superior Court* (1955) 43 Cal.2d 815, 822 [279 P.2d 35].) "Special proceedings are of statutory origin and do not proceed according to the course of the common law but give new rights and afford new remedies." (*Le Louis v. Superior Court* (1989) 209 Cal.App.3d 669, 678 [257 Cal.Rptr. 458].)

■ It is apparent that the Legislature designed the SVPA as a civil action or special proceeding of a civil nature because it set the SVPA in the Welfare and Institutions Code among other civil commitment statutory schemes. (See, e.g., § 5000 et seq. [Lanterman-Petris-Short Act]; former § 6300 et seq. [Mentally Disordered Sex Offenders Act]; § 6500 et seq. [Mentally Retarded Persons Law].) Courts have long described such proceedings as "civil in nature" (*In re Bevill* (1968) 68 Cal.2d 854, 858 [69 Cal.Rptr. 599, 442 P.2d 679] [Mentally Disordered Sex Offenders Act]) or as "special proceedings of a civil nature" (*Gross v. Superior Court* (1954) 42 Cal.2d 816, 820 [270 P.2d 1025] [sexual psychopath proceedings of former § 5500 et seq.]; *People v. Bachman* (1955) 130 Cal.App.2d 445, 448 [279 P.2d 77] [same]).

Accordingly, courts have determined that an SVPA proceeding is civil in nature. (*Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1142, 1171-1172 [81 Cal.Rptr.2d 492, 969 P.2d 584]; *People v. Leonard* (2000) 78 Cal.App.4th 776, 789 [93 Cal.Rptr.2d 180]; *Sporich v. Superior Court* (2000) 77 Cal.App.4th 422, 427 [91 Cal.Rptr.2d 752]; *In re Parker* (1998) 60 Cal.App.4th 1453, 1461 [71 Cal.Rptr.2d 167].) Indeed, our Supreme Court has rejected a facial ex post facto challenge to the SVPA, concluding that the SVPA is a civil commitment statutory scheme which is not punitive in purpose or effect and, instead, is designed to provide treatment. (*Hubbart v. Superior Court, supra,* 19 Cal.4th at pp. 1170-1179.)

■ "The Legislature, of course, is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof." (*People v. Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078].) ■ Thus, aware that the Civil Discovery Act of 1986 applies to civil actions and special proceedings of a civil nature, the Legislature necessarily intended to apply civil discovery to SVPA proceedings when it enacted the SVPA as a civil action or special proceeding of a civil nature.

That the Legislature intended the Civil Discovery Act of 1986 to apply to SVPA proceedings is further demonstrated by comparing the SVPA with the Mentally Disordered Offender Act (the MDO Act) (Pen. Code, § 2960 et seq.), which was enacted prior to the SVPA. The MDO Act provides that its "hearing shall be a civil hearing, however, in order to reduce costs the rules of criminal discovery, as well as civil discovery, shall be applicable." (Pen. Code, § 2972, subd. (a).) Thus, the MDO Act shows that the Legislature knows how to establish less costly methods of discovery in civil commitment procedures when it chooses to do so. It follows that the Legislature's failure to include similar language in the SVPA demonstrates its intent to permit formal civil discovery in SVPA proceedings. (Cf. *People v. Superior Court (Ramirez)* (1999) 70 Cal.App.4th 1384, 1391 [83 Cal.Rptr.2d 402].)

Also indicative of the Legislature's intent is the lack of any language in the SVPA that exempts its proceedings from the Civil Discovery Act of 1986. It is true that the SVPA contains provisions related to the disclosure of certain information. (See §§ 6601, subds. (d) & (h), 6603, subds. (a) & (c), 6605, subd. (a).) But the fact that the SVPA provides for some disclosure of information does not demonstrate that the Legislature intended to foreclose formal civil discovery in SVPA proceedings.

Accordingly, two relatively recent decisions have assumed, but not directly decided, that civil discovery is applicable in SVPA proceedings. (*Griego v. Superior Court* (2000) 80 Cal.App.4th 568, 571-577 [95 Cal.Rptr.2d 351]; *Sporich v. Superior Court, supra,* 77 Cal.App.4th at p. 427.)

The People disagree, arguing that just because an SVPA proceeding is civil in nature does not automatically make the rules of civil discovery apply. In *Joe Z. v. Superior Court* (1970) 3 Cal.3d 797 [91 Cal.Rptr. 594, 478 P.2d 26], the case upon which the People rely, the Supreme Court held that civil discovery does not apply in a juvenile delinquency proceeding because it is "quasi-criminal," involving the possibility for a substantial loss of personal freedom, and because of the need for an expeditious and informal adjudication. (*Id.* at p. 801.) The People argue that the same result should apply to SVPA proceedings because a suspected sexually violent predator, "like a juvenile in a delinquency proceeding, is facing the possibility of a substantial loss of personal freedom" and because in SVPA proceedings, "as in juvenile delinquency proceedings, there is a need for expeditious adjudication so that the person can either begin receiving treatment if found to be [a sexually violent predator] or be released from custody if not." Moreover, the People complain that applying civil discovery to SVPA proceedings may result in a loss of informal discovery cooperation and an increased toll on the

offices of district attorneys and personnel of the Department of Mental Health.

But unlike a juvenile delinquency proceeding, an SVPA proceeding is not quasi-criminal. And, although there is the possibility of extended commitment, the actual SVPA commitment, after trial, is only two years. (§ 6604.) In addition, an SVPA proceeding is more formal than a juvenile delinquency proceeding in that the right to trial by jury has been guaranteed by statute. (§ 6603, subd. (a).)

Furthermore, the decision in *Joe Z. v. Superior Court, supra,* 3 Cal.3d 797, was informed by language from the former civil discovery act, which has since been superseded. In 1970, former section 2035 of the Code of Civil Procedure provided that the word "action" was to be construed as including a special proceeding of a civil nature "whenever it is necessary so to do." (Stats. 1957, ch. 1904, § 3, p. 3336.) The Supreme Court in *Joe Z. v. Superior Court* determined that it was unnecessary to construe the former civil discovery act to apply to juvenile delinquency proceedings.

However, effective with the adoption of the Civil Discovery Act of 1986, the language of former section 2035 was repealed and reenacted as section 2016 of the Code of Civil Procedure without the words "whenever it is necessary so to do." (Stats. 1986, ch. 1334, § 2, p. 4700, as amended by Stats. 1987, ch. 86, § 1.8, p. 299.) Therefore, the Civil Discovery Act of 1986 applies to every civil action and special proceeding of a civil nature (absent, of course, a statutory exception).

According to the People, applying the Civil Discovery Act of 1986 to SVPA proceedings is unwise because the existing practice of informal cooperation in discovery "would be replaced by the long, costly battles that are unfortunately the norm in ordinary civil litigation" and because formal discovery procedures "would take a toll on the resources of district attorneys' offices and the Department of Mental Health . . . , whose evaluators are already busy enough trying to conduct evaluations pursuant to the SVP Act . . . without having to travel up and down the state to sit in depositions." But those are policy arguments that should be addressed to the Legislature. (See *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 334 [265 Cal.Rptr. 788] ["It is for the Legislature, not the courts, to pass upon the social wisdom of such an enactment. And, if there is a flaw in the statutory scheme, it is up to the Legislature, not the courts, to correct it."].)

Because, as we have explained, the Civil Discovery Act of 1986 applies to SVPA proceedings, the superior court erred in denying Leake's motion to

compel an exchange of expert witness information, and further erred in failing to rule on the People's request for a protective order premised on the ground that Leake's motion was untimely.

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

Let a peremptory writ of mandate issue directing the respondent superior court to vacate its order denying Leake's motion to compel an exchange of expert witness information, and directing the court to rule on the People's request for a protective order. (See Code Civ. Proc., § 2034, subd. (e).) Upon the finality of this opinion, the stay previously issued is vacated. Leake is awarded the costs he incurred in this writ proceeding. (Cal. Rules of Court, rule 56.4(a).)

Callahan, J., and Hull, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied May 23, 2001. Kennard, J., Chin, J., and Brown, J., were of the opinion that the petition should be granted.

---

*See footnote, *ante,* page 675.