[No. C048194. Third Dist. Jan. 26, 2006.]

DANNY S. OLAES, Plaintiff and Respondent, v.
NATIONWIDE MUTUAL INSURANCE COMPANY et al., Defendants and
Appellants.

1502

**COUNSEL**

Thelen Reid & Priest, Robert Spagat, Deborah R. Schwartz and Thomas M. McInerney for Defendants and Appellants.

Riegels Campos & Kenyon, Charity Kenyon; and Christopher H. Whelan for Plaintiff and Respondent.

## OPINION

**RAYE, J.**—Defendants Nationwide Mutual Insurance Company and Nationwide Health Plans (Nationwide) terminated plaintiff employee Danny S. Olaes following allegations of sexual harassment. Olaes filed a complaint for damages against his former employer, alleging he had been defamed during Nationwide's investigation of the harassment complaints. Nationwide sought to dismiss the complaint via a motion to strike pursuant to Code of Civil Procedure section 425.16.[1] The trial court denied the motion to strike. Nationwide appeals, arguing Olaes's complaint falls within the ambit of section 425.16 and Olaes failed to establish a probability of success on the merits. We shall affirm the trial court's denial of Nationwide's motion to strike.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2001 a Nationwide employee complained about Olaes's unwelcome comments and touching. An investigation that followed revealed other complaints. In May 2003 another woman complained about unwanted touching by Olaes. Nationwide discharged Olaes.

Olaes filed a complaint alleging Nationwide falsely accused him of sexual harassment and failed to adequately investigate prior to his termination. Nationwide filed a motion to strike.

The trial court denied the motion to strike. The court found Nationwide failed to meet its burden of showing that section 425.16 applied. Since section 425.16 did not apply, the court deemed it unnecessary to determine whether Olaes met his burden of establishing a probability of success on the merits. Nationwide filed a timely notice of appeal.

## DISCUSSION

### I

On appeal from an order denying a motion under section 425.16, we engage in a two-step process. First, we determine whether the defendant made a threshold showing that the cause of action triggers the statute. If this condition is met, we consider whether the plaintiff has demonstrated a probability of prevailing on the claim. We review each step of the process independently. (*Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 628 [7 Cal.Rptr.3d 715].)

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

## II

■ We begin by determining whether Olaes's cause of action arose from acts "in furtherance of [defendants'] right of petition or free speech . . . in connection with a public issue." (§ 425.16, subd. (b)(1).) Nationwide bears the burden on this issue. (*Gallimore v. State Farm Fire & Casualty Ins. Co.* (2002) 102 Cal.App.4th 1388, 1397 [126 Cal.Rptr.2d 560].)

As used in section 425.16, subdivision (e), a protected act includes: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

■ To fall within the purview of section 425.16, Nationwide must demonstrate that the speech Olaes complains injured him falls within one of these four categories. (*Weinberg v. Feisel* (2003) 110 Cal.App.4th 1122, 1130 [2 Cal.Rptr.3d 385] (*Weinberg*).)

## III

The parties offer differing interpretations of the language of section 425.16, subdivision (e) defining a protected act as any written or oral statement made before, or in connection with an issue under consideration or review by, "a legislative, executive, or judicial proceeding [or body], or any other official proceeding authorized by law." It is the latter clause, "any other official proceeding authorized by law," that forms the heart of this dispute. Nationwide contends its procedure for investigating employee sexual harassment complaints qualifies as an official proceeding authorized by law. Defamatory statements made in the course of the proceeding are privileged. Olaes claims a private workplace investigation is not an official proceeding as delineated by section 425.16.

■ To resolve this conflict, we must ascertain the meaning of "official proceeding authorized by law" as used in section 425.16. The objective of statutory interpretation is to ascertain and effectuate legislative intent. In determining this intent, we first look to the language of the statute, giving effect to its plain meaning. Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the

face of the statute or from its legislative history. (*Heavenly Valley v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1335 [101 Cal.Rptr.2d 591].) We possess no power to rewrite the statute so as to make it conform to a presumed intent that is not expressed. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 59 [124 Cal.Rptr.2d 507, 52 P.3d 685] (*Equilon*).)

■ In construing a statute, we give words their usual and ordinary meaning. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 [3 Cal.Rptr.3d 623, 74 P.3d 726].) We do not consider words in isolation, but consider all the statutory language and construe that language as a unified whole. (*Shaddox v. Bertani* (2003) 110 Cal.App.4th 1406, 1414 [2 Cal.Rptr.3d 808].)

■ Helpfully, the Supreme Court and the statute itself provide us with the basic legislative intent underlying section 425.16. Section 425.16 codifies the Legislature's desire to encourage continued participation in matters of public significance, a participation that should not be chilled through abuse of the judicial process. To effectuate this goal, the Legislature instructs that section 425.16 "shall be construed broadly." (§ 425.16, subd. (a); see *Equilon, supra,* 29 Cal.4th at pp. 59–60.)

With these precepts in mind, we turn to the language "official proceeding authorized by law." Nationwide argues the phrase "under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law" explicitly includes nongovernmental proceedings. In support, Nationwide cites a definition of "official" as "belonging or relating to the discharge of duties" and *"authorized by* a government." According to Nationwide, its sexual harassment procedure is authorized and required by the Legislature.

Olaes counters with a definition of "official" as "of or relating to" a "duty, charge, or position conferred by an exercise of governmental authority and for a public purpose." Olaes argues the usual and ordinary meaning of "official" connotes governmental or public, not private or nongovernmental.

Nationwide also contends the phrase "any other official proceeding authorized by law" as used in section 425.16, subdivision (e)(1) and (2) is meaningless and surplusage if it does not refer to private proceedings. According to Nationwide, to give meaning to the phrase the statute *must* be construed to apply to nongovernmental proceedings. Nationwide reads "legislative, executive, or judicial" as encompassing the entire universe of

"governmental," leaving nongovernmental proceedings as the "other official proceedings" authorized by law.

We find this construction tortuous at best and illogical at worst. Section 425.16 represents the Legislature's effort to protect and encourage participation in matters of public interest. Defamation suits aimed at chilling speech on such matters run afoul of section 425.16 and are subject to a motion to strike. The Legislature carefully delineated the forums in which speech is to be encouraged and protected: legislative, executive, or judicial proceedings, or any other official proceeding authorized by law. Reading "any other official proceeding" in context reveals the Legislature intended to protect speech concerning matters of public interest in a governmental forum, regardless of label.

Our analysis of cases construing the phrase "other official proceedings" as used in Civil Code section 47, former subdivision 2 (now subdivision (b)) bolsters this interpretation. Prior to its amendment in 1979, Civil Code section 47, subdivision (2) provided for an absolute privilege for publications made "in any (1) legislative or (2) judicial proceeding, or (3) in any other official proceeding authorized by law." In *Hackethal v. Weissbein* (1979) 24 Cal.3d 55 [154 Cal.Rptr. 423, 592 P.2d 1175] (*Hackethal*), the Supreme Court considered the phrase "other official proceeding" and determined the use of "official" was probably intended to deny application of the absolute privilege to nongovernmental proceedings. (*Id.* at p. 60.) The court found statements made in a hospital peer review proceeding were not absolutely privileged.

In a dissent, Justice Tobriner urged that quasi-judicial proceedings conducted by a medical peer review authority should be shielded by the privilege, because such proceedings were reviewable by administrative mandate. (*Hackethal, supra,* 24 Cal.3d at pp. 61–71.) Following *Hackethal,* the Legislature amended Civil Code section 47, subdivision 2, making the privilege applicable to nongovernmental proceedings reviewable by mandate. (Stats. 1979, ch. 184, § 1, pp. 403–404.) Section 47, subdivision (b) now includes hospital peer review proceedings. (*Westlake Community Hosp. v. Superior Court* (1976) 17 Cal.3d 465, 482–483 [131 Cal.Rptr. 90, 551 P.2d 410].) Courts have not extended section 47, subdivision (b) to other nongovernmental proceedings not reviewable by mandate. (*Slaughter v. Friedman* (1982) 32 Cal.3d 149, 156 [185 Cal.Rptr. 244, 649 P.2d 886] (*Slaughter*).)

In *Cuenca v. Safeway San Francisco Employees Fed. Credit Union* (1986) 180 Cal.App.3d 985 [225 Cal.Rptr. 852] (*Cuenca*), a credit union's board of directors asked an employee to resign following consideration of a report on the employee prepared by the union's supervisory committee. The employee

brought a complaint alleging defamation. The appellate court found the report not privileged under Civil Code section 47.

After considering *Hackethal* and *Slaughter*, the *Cuenca* court determined that although the credit union and its board of directors were highly regulated by federal law, "[n]one of these statutorily created duties . . . suffices to make the investigation by the supervisory committee or its report to the board of directors an 'official proceeding.' The Credit Union is not a governmental agency nor are the proceedings of its supervisory committee and board of directors reviewable by writ of mandate. Nor was the supervisory committee . . . acting in the capacity of a governmental official performing an 'official duty.' " (*Cuenca, supra*, 180 Cal.App.3d at p. 995.)

As Olaes points out, the Legislature, in drafting Code of Civil Procedure section 425.16, employed language identical to that in Civil Code section 47, subdivision (b) to delineate acts "in furtherance of [defendants'] right of petition or free speech . . . in connection with a public issue." However, the Legislature chose not to include section 47, subdivision (b)'s category of nongovernmental proceedings reviewable by mandate.

 The Legislature is deemed to be aware of statutes and judicial decisions already in existence and to have enacted or amended a statute in light thereof. (*Leake v. Superior Court* (2001) 87 Cal.App.4th 675, 680 [104 Cal.Rptr.2d 767].)

Nationwide attempts to come within the purview of section 425.16 by arguing its sexual harassment procedure is a legally required dispute resolution proceeding. Nationwide describes the process by which employees report harassment and the employer conducts an investigation and takes prompt corrective action. According to Nationwide, "Because an employer's proceedings for resolving sexual harassment complaints are *legally required*—as well as being [the] first step in the process of instituting a civil action—they are 'other official proceeding[s] authorized by law' . . . ."

We disagree. Despite Nationwide's attempt to cast its sexual harassment procedure as a quasi-governmental proceeding, the procedure involved was designed and instituted by a private company. Although, as Nationwide suggests, employers must take all reasonable steps necessary to prevent harassment from occurring under Government Code section 12940, subdivision (k), such a duty does not automatically transform a private employer into an entity conducting "official" proceedings.

As Olaes notes, a private employer possesses neither the powers nor the responsibilities of a government agency. Instead, each private employer develops its own idiosyncratic methods of handling employee harassment complaints. The corporate individuals implementing those procedures do not act in the capacity of governmental officials performing an official duty. Nor are the resulting proceedings reviewable by writ of mandate.

Despite Nationwide's claims to the contrary, we cannot view a corporation's sexual harassment procedure as a "quasi-judicial proceeding." Nationwide argues that, as a general rule, the absolute privilege under Civil Code section 47, subdivision (b) is applicable to defamatory statements made in quasi-judicial proceedings. Therefore, Nationwide argues, since "other official proceeding[s] authorized by law" embraced in section 47, subdivision (b) encompasses quasi-judicial proceedings, Code of Civil Procedure section 425.16 should also include quasi-judicial proceedings.

Nationwide cites criteria for determining whether an administrative body possesses a quasi-judicial power to fall under Civil Code section 47, subdivision (b)'s definition of "official proceeding": (1) whether the administrative body is vested with discretion based upon investigation and consideration of evidentiary facts, (2) whether it is entitled to hold hearings and decide the issue by the application of rules of law to the ascertained facts, and (3) whether its power affects the personal or property rights of private persons. (*Ascherman v. Natanson* (1972) 23 Cal.App.3d 861, 866 [100 Cal.Rptr. 656].) According to Nationwide, its harassment procedure, as implemented by its human resource specialist, meets all three criteria.

However, the fact that the private company's personnel department is charged with implementing a harassment policy and establishes procedures that mimic those of a governmental agency does not transform it into an "administrative body." Nationwide's human resource specialist may indeed be vested with discretion, apply California law regarding harassment, and make decisions affecting the personal and property rights of the accused harasser. Still, the human resource specialist is not an administrative body possessing quasi-judicial powers.

Nationwide also contends Code of Civil Procedure section 425.16 should be construed to avoid the "anomaly" that would result if statements made in sexual harassment investigations were protected under Civil Code section 47, subdivision (b) but not under section 425.16. The authorities cited by Nationwide do not support the proposition that statements made in sexual harassment proceedings are protected under section 47, subdivision (b).

In *Cruey v. Gannett Co.* (1998) 64 Cal.App.4th 356 [76 Cal.Rptr.2d 670] (*Cruey*), the appellate court reversed the trial court's grant of summary judgment in favor of a defendant employee in a defamation action based on her written complaint of sexual harassment to the employer's human resources department. The court noted the employer was a private entity and the employee's complaint did not fall within the official duty privilege of Civil Code section 47, subdivision (b) since the privilege does not apply to private individuals. (*Cruey, supra,* 64 Cal.App.4th at p. 368.) The employee's accusation was "[a]t best . . . conditionally privileged." (*Id.* at p. 369.) Summary judgment was inappropriate because the plaintiff raised a triable issue of fact as to malice. (*Id.* at p. 370.) The appellate court did not hold, as Nationwide claims, that speech made in the course of an employer's harassment investigation is privileged. None of the authorities cited by Nationwide stand for this proposition.

## IV

■ In the alternative, Nationwide argues its alleged conduct was in furtherance of its exercise of the constitutional rights of petition and free speech in connection with a public issue or an issue of public interest. Section 425.16, subdivision (e) considers "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest" a protected act.

Nationwide contends eradicating sexual harassment from the workplace is a fundamental public interest. According to Nationwide, "if would-be complainants and employers can be subjected to costly lawsuits simply because they exercised their civil right to complain of harassment and complied with their legal obligation to investigate such complaints, they will be *discouraged* from doing so." This behavior, Nationwide argues, is exactly what section 425.16 was designed to prevent.

The public interest in the fair resolution of claims of sexual harassment is undeniable. However, we agree with Olaes that this general public interest does not bring a complaint alleging defamation during a sexual harassment investigation into section 425.16's ambit.

■ In *Weinberg, supra,* 110 Cal.App.4th 1122, this court considered what constitutes an issue of public interest under section 425.16. After reviewing applicable case law, we ascertained five guiding principles: (1) public interest does not equate with mere curiosity; (2) a matter of public interest should be a matter of concern to a substantial number of people, not to a relatively small, specific audience; (3) there should be some degree of closeness between the

statements at issue and the asserted public interest; (4) the focus of the speaker's conduct should be the public interest rather than an effort to " 'gather ammunition' " for a private controversy; and (5) those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure. (*Weinberg*, at pp. 1132–1133.)

In *Weinberg*, a dispute between two token collectors resulted in one collector's working to discredit the other in the eyes of a relatively small group of fellow collectors. (*Weinberg, supra*, 110 Cal.App.4th at p. 1135.) We held that statements by the publisher of an advertisement in a token collecting newsletter that a token collector had stolen a valuable item from the publisher did not involve a matter of public interest as defined in section 425.16.

In a similar vein, in *Rivero v. American Federation of State, County and Municipal Employees, AFL-CIO* (2003) 105 Cal.App.4th 913 [130 Cal.Rptr.2d 81], the court considered a defamation suit by the supervisor of janitors at a public university against the union that publicly accused him in newsletters of solicitation of bribes and favoritism. The court found such statements did not concern a "public issue" under section 425.16: "[I]f the union were correct, discussion of nearly every workplace dispute would qualify as a matter of public interest. We conclude, instead, that unlawful workplace activity below some threshold level of significance is not an issue of public interest, even though it implicates a public policy." (*Rivero*, at p. 924.)

Here, although we agree the elimination of sexual harassment implicates a public interest, an investigation by a private employer concerning a small group of people does not rise to a public interest under section 425.16. We do not minimize the significance of the underlying investigation; we merely find a dispute among a small number of people in a workplace does not implicate a broader public interest subject to a motion to strike under section 425.16, subdivision (e).[2]

Since Olaes's defamation complaint does not implicate statements made during a legislative, executive, or judicial proceeding and does not concern a matter of public interest, the trial court correctly found section 425.16 does not apply.

---

[2] Since we find Nationwide has not met its threshold burden of establishing that Olaes's defamation action falls within the purview of section 425.16, we do not address Nationwide's arguments concerning Olaes's failure to show a probability of prevailing in the action.

## DISPOSITION

The judgment is affirmed. Olaes shall recover costs on appeal.

Scotland, P. J., and Morrison, J., concurred.