**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| THOMAS HUGH WAGNER,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY,<br><br>Defendant-Appellee,<br><br>and<br><br>ALICIA PILLADO; MICHAEL DIAZ; DOES,<br><br>Defendants. | No.   19-56190<br><br>D.C. No.<br>2:16-cv-06259-ODW-PLA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted March 19, 2021**
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Thomas Wagner appeals pro se from the district court's judgment following a jury trial in his action against Southern California Edison Company (SCE). Wagner brought a wide variety of claims for discrimination, retaliation, and defamation against SCE, his former employer. We affirm in part and vacate and remand in part.

(1) Reviewing de novo, we conclude that the district court properly granted summary judgment to SCE on Wagner's Sarbanes-Oxley[1] retaliation claim. *See White v. City of Sparks*, 500 F.3d 953, 955 (9th Cir. 2007). Reviewing the facts and circumstances in the record, a reasonable person would not have formed a good faith belief that he was reporting a Sarbanes-Oxley violation. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1000–01 (9th Cir. 2009). Wagner failed to submit sufficient evidence that he had an objectively reasonable belief that one of the specific violations listed in 18 U.S.C. § 1514A(a)(1) had occurred. *See Van Asdale*, 577 F.3d at 996–97, 1000. His vague references to his supervisor's purported violations of Sarbanes-Oxley and unspecified accounting controls do not amount to the requisite reasonable belief that the supervisor violated a "'rule or

_____

[1] Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, § 1, 116 Stat. 745.

regulation of the [SEC].'" *Wadler v. Bio-Rad Labs., Inc.*, 916 F.3d 1176, 1186 (9th Cir. 2019); *cf. id.* at 1187–88.[2]

(2) On our de novo review, we conclude that the district court erred in granting SCE's anti-SLAPP motion to strike Wagner's defamation claim to the extent it was based on statements made by another supervisor to SCE's workers' compensation representative. *See Sarver v. Chartier*, 813 F.3d 891, 897 n.1, 901 (9th Cir. 2016); *see also* Cal. Civ. Proc. Code § 425.16(e)(2). Although statements made in connection with workers' compensation proceedings are absolutely privileged in some circumstances,[3] extending that privilege to statements made by Wagner's supervisor before Wagner had filed—or indicated any desire to file—a workers' compensation claim was unwarranted. *See Edwards v. Centex Real Estate Corp.*, 53 Cal. App. 4th 15, 36 (1997); *see also Olaes v. Nationwide Mut. Ins. Co.*, 135 Cal. App. 4th 1501, 1509–10 (2006); *Pettus v. Cole*, 49 Cal. App. 4th 402, 437 (1996). We therefore vacate the order striking a portion of the defamation claim and the judgment as to that claim.

---

[2] Because Wagner's Dodd-Frank claim is dependent on his Sarbanes-Oxley claim, the district court properly entered judgment as a matter of law on that claim. *See* 15 U.S.C. § 78u-6(h)(1)(A).

[3] *Harris v. King*, 60 Cal. App. 4th 1185, 1187 (1998); *see also* Cal. Civ. Code § 47(b)(2); *Briggs v. Eden Council for Hope & Opportunity*, 969 P.2d 564, 569 (Cal. 1999).

3

(3) The district court erred in entering judgment as a matter of law on Wagner's fourth claim for California FEHA[4] retaliation at the close of Wagner's case-in-chief. SCE does not dispute that there was some evidence that Wagner had engaged in protected activity and suffered adverse employment actions short of termination. *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130–31, 1138–39 (Cal. 2005). We conclude that Wagner adduced sufficient evidence during his case-in-chief of a causal link between those actions and his allegedly-protected activity to establish a prima facie case of retaliation. *See Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1112 (2007); *McRae v. Dep't of Corr. & Rehab.*, 142 Cal. App. 4th 377, 388 (2006); *see also Morgan v. Regents of the Univ. of Cal.*, 88 Cal. App. 4th 52, 69–70 (2000). We therefore vacate the judgment as to Wagner's fourth claim for FEHA retaliation.

(4) Wagner stipulated to the voluntary dismissal of his claim for retaliation in violation of California Labor Code section 1102.5. We perceive no error in the district court's implementing that stipulated dismissal. Likewise, we perceive no error in the jury's verdict in favor of SCE on Wagner's *Tameny v. Atlantic Richfield Co.*, 610 P.2d 1330, 1332–33 (Cal. 1980), claim.

---

[4] California Fair Employment and Housing Act. *See* Cal. Gov't Code § 12940(h).

4

(5) In light of our decision vacating the judgment in part, we likewise vacate the district court's award of fees and costs. The parties shall bear their own costs on this appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**