[No. B188707. Second Dist., Div. Two. May 25, 2007.]

TYRONE C. CARPENTER, Plaintiff and Respondent, v.
JACK IN THE BOX CORPORATION et al., Defendants and Appellants.

## COUNSEL

Manning & Marder, Kass, Ellrod, Ramirez and Sylvia Havens for Defendants and Appellants.

Law Offices of Geraldine Mele Dart and Geraldine Mele Dart for Plaintiff and Respondent.

## OPINION

**CHAVEZ, J.**—The principal issue in this case is simple and straightforward—whether a motion for attorney fees and costs by the prevailing plaintiff on a special motion to strike under Code of Civil Procedure section 425.16, subdivision (c),[1] was timely filed under California Rules of Court, rules 3.1702[2] and 8.104.[3] Resolution of this issue, however, proved to be neither simple nor straightforward.

Rule 3.1702 imposes time limits for filing a motion for prejudgment statutory attorney fees in civil cases. Ambiguity in the language of the rule makes it uncertain whether those time limits commence to run upon entry of a prejudgment appealable order, such as the one at issue here, or upon entry of final judgment in the litigation. We interpret rule 3.1702 so that the time limits imposed by the rule commence to run upon entry of judgment at the conclusion of a lawsuit. Those time limits do not commence to run upon entry of a prejudgment appealable order, such as an order granting or denying a special motion to strike under section 425.16. Plaintiff's motion for attorney fees in this case was filed before entry of final judgment and was timely under rule 3.1702.

## BACKGROUND

Plaintiff and respondent Tyrone C. Carpenter (plaintiff) sued defendant and appellant Jack in the Box Corporation (Jack in the Box) and defendant and

---

[1] All further statutory references are to the Code of Civil Procedure, unless stated otherwise.

[2] All further rule references are to the California Rules of Court. Rule 3.1702, formerly rule 870.2, was renumbered and amended effective January 1, 2007.

[3] Rule 8.104, formerly rule 2, was renumbered effective January 1, 2007.

appellant Angelle Chapman (Chapman) (Jack in the Box and Chapman are collectively referred to as defendants) after plaintiff's employment with Jack in the Box was terminated in June 2003. Plaintiff's complaint alleged causes of action against Jack in the Box for wrongful termination, employment discrimination, breach of contract, and breach of the implied covenant of good faith and fair dealing; against Chapman for interference with contract; and against both defendants for defamation and intentional and negligent infliction of emotional distress.

Defendants filed a special motion to strike pursuant to section 425.16, claiming that all of plaintiff's causes of action alleged injury arising from protected First Amendment activities, namely, Jack in the Box's investigation of allegations that plaintiff had sexually harassed Chapman, a fellow employee. Plaintiff opposed the special motion to strike, and after hearing argument from the parties on September 18, 2003, the trial court denied the motion. The trial court's denial of the special motion to strike was entered in the court's permanent minutes on September 18, 2003. On September 30, 2003, plaintiff served on defendant a document captioned "Notice of Ruling on Defendant's Special Motion to Strike Portions of the Complaint."

Defendants appealed the order denying the special motion to strike. We affirmed the trial court's order in a nonpublished opinion. (*Carpenter v. Jack in the Box Corp.* (Apr. 26, 2005, B171403).) Following issuance of the remittitur on September 16, 2005, plaintiff filed a motion for statutory attorney fees and expenses in the trial court pursuant to section 425.16, subdivision (c). Defendants opposed the motion on various grounds, including untimeliness. The trial court ruled that plaintiff's motion was timely and that defendants' special motion to strike and appeal were completely without merit, and awarded plaintiff $53,651.47 in fees and costs.

## CONTENTIONS AND CONCLUSIONS

Defendants appeal from the trial court's order awarding plaintiff attorney fees and costs pursuant to section 425.16, subdivision (c). They contend the order must be reversed because plaintiff's motion for attorney fees and costs was untimely under rules 3.1702 and 8.104; the trial court lacked jurisdiction to determine plaintiff's entitlement to attorney fees and to award him attorney fees on appeal; the trial court erred by concluding that the special motion to strike and appeal of the order denying that motion were frivolous; and the trial court failed to state with particularity its reasons for awarding attorney fees and costs. Plaintiff asks that we find defendants' appeal to be frivolous, and that we award him his attorney fees in responding to this appeal.

We affirm the trial court's order. Plaintiff's motion for attorney fees and costs was timely under rule 3.1702. The trial court had jurisdiction to

consider plaintiff's request for attorney fees, did not abuse its discretion by finding that defendants' special motion to strike and appeal of the order denying that motion were frivolous, and stated with sufficient particularity its reasons for awarding plaintiff attorney fees and costs. We deny plaintiff's request for attorney fees on appeal.

## DISCUSSION

### A. *Standard of Review*

Although a trial court's ruling on the propriety of an attorney fees award is generally reviewed under an abuse of discretion standard, the determination of whether the trial court had the statutory authority to make such an award is a question of law that we review de novo. (*Duale v. Mercedes-Benz USA, LLC* (2007) 147 Cal.App.4th 880, 885 [54 Cal.Rptr.3d 711].)

### B. *Jurisdiction*

Defendants argue that the trial court lacked jurisdiction to determine plaintiff's entitlement to attorney fees because plaintiff did not seek an attorney fee award in this court when defendants appealed the order denying the special motion to strike, and because our remittitur affirming the trial court's order did not direct the trial court to determine plaintiff's entitlement to attorney fees.

Section 425.16, subdivision (c), authorizes a trial court to award costs and reasonable attorney fees to the prevailing plaintiff in an unsuccessful special motion to strike "[i]f the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay." Such an award is made pursuant to section 128.5, which states in relevant part: "Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. . . ." " . . . 'Actions or tactics' include, but are not limited to, the making or opposing of motions . . . . [¶] . . . 'Frivolous' means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party." (§ 128.5, subds. (a), (b)(1), (2); see § 425.16, subd. (c).)[4] The trial court had both authority and jurisdiction under section 425.16, subdivision (c), to determine plaintiff's entitlement to attorney fees in opposing the special motion to strike.

Plaintiff's decision to seek his attorney fees in a separate noticed motion rather than as part of his opposition to defendants' special motion to strike

---

[4] Section 425.16, subdivision (c) also authorizes an award of attorney fees and costs to a prevailing defendant on a special motion to strike.

did not deprive the trial court of jurisdiction to consider the issue. The party prevailing on a special motion to strike may seek an attorney fee award through three different avenues: simultaneously with litigating the special motion to strike; by a subsequent noticed motion, as was the case here; or as part of a cost memorandum. (*American Humane Assn. v. Los Angeles Times Communications* (2001) 92 Cal.App.4th 1095, 1103 [112 Cal.Rptr.2d 488] (*American Humane Assn.*); § 1033.5, subd. (c)(5)(A)–(C); Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2006) ¶ 17:151, p. 17-85.)

■ Defendants' appeal of the order denying the special motion to strike did not divest the trial court of jurisdiction to consider plaintiff's motion for attorney fees and costs. "Even if the order granting the [special motion to strike] has been appealed, the trial court retains jurisdiction to entertain a motion for attorney fees." (*Doe v. Luster* (2006) 145 Cal.App.4th 139, 144 [51 Cal.Rptr.3d 403].)

■ The absence of direction from this court concerning plaintiff's entitlement to attorney fees on appeal in our remittitur affirming the order denying the special motion to strike did not preclude the trial court from awarding plaintiff his attorney fees incurred in responding to defendants' prior appeal. The trial court's authority to award fees and costs under section 425.16, subdivision (c), includes authority to award fees incurred in responding to an appeal of an order granting or denying a special motion to strike, or of an order awarding attorney fees in connection with such motion. (See *Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 448 [121 Cal.Rptr.2d 275].) "A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise. [Citations.]" (*Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499 [45 Cal.Rptr.2d 624].) Section 425.16, subdivision (c), does not preclude recovery of appellate attorney fees; hence attorney fees recoverable under the statute include appellate fees. (*Evans*, at p. 1500; see also *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 [54 Cal.Rptr.2d 830].)

*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655 [242 P.2d 1] and *Hanna v. City of Los Angeles* (1989) 212 Cal.App.3d 363, 376 [260 Cal.Rptr. 782], overruled on another ground in *Pasadena Police Officers Assn. v. City of Pasadena* (1990) 51 Cal.3d 564 [273 Cal.Rptr. 584, 797 P.2d 608], on which defendants rely in support of their jurisdictional argument, are inapposite. Neither of those cases addressed a trial court's jurisdiction to award attorney fees to a prevailing plaintiff under section 425.16, subdivision (c).

## C. *Timeliness of Plaintiff's Motion*

Defendants contend that plaintiff's motion for attorney fees was not timely filed under rules 3.1702 and 8.104. Our determination of this issue requires us to interpret and apply those rules. "[T]he interpretation of a rule of court is governed by the same precepts that apply to statutory interpretation." (*Kahn v. Lasorda's Dugout, Inc.* (2003) 109 Cal.App.4th 1118, 1122 [135 Cal.Rptr.2d 790].) "Our objective is to determine the drafter's intent using the words of the rule as our starting point. [Citation.] If the language of the rule is clear and unambiguous, it is unnecessary to probe the rule's drafting history in order to ascertain its meaning. [Citation.] If possible, we attribute significance to every word, phrase, sentence and part of a court rule. [Citation.] 'We accord a challenged rule a reasonable and commonsense interpretation consistent with its apparent purpose, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity.' [Citation.]" (*Crespin v. Shewry* (2004) 125 Cal.App.4th 259, 265 [22 Cal.Rptr.3d 696] (*Crespin*).)

Rule 3.1702 governs claims for statutory attorney fees in civil cases. It provides in relevant part: "Except as otherwise provided by statute, this rule applies in civil cases to claims for statutory attorney's fees . . . ." (Rule 3.1702(a).)[5] Rule 3.1702 imposes time limits for filing a motion to claim statutory attorney fees, by cross-referencing the time limits prescribed by rules 8.104 and 8.108 for filing a notice of appeal: "A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court—including attorney's fees on an appeal before the rendition of judgment in the trial court—must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108." (Rule 3.1702(b)(1).)

Rule 8.104(a) imposes the following time limits for filing a notice of appeal: "Unless a statute or rule 8.108 provides otherwise,[6] a notice of appeal must be filed on or before the earliest of: [¶] (1) 60 days after the superior court clerk mails the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was mailed; [¶] (2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by a proof of service; or [¶] (3) 180 days after entry of judgment." Rule 8.104 makes these same time limits applicable to an appeal from an appealable order. Subdivision (f) of the rule states that the term "judgment," as used in subdivision (a), "includes an appealable order if the

---

[5] Rule 3.1702 also applies to claims for attorney fees provided for in a contract. (Rule 3.1702(a).)

[6] The exceptions provided in rule 8.108 do not apply here.

appeal is from an appealable order." Subdivision (d) of rule 8.104 defines what constitutes the entry date of a judgment or appealable order. Subdivision (d)(1) provides that "[t]he entry date of a judgment is the date the judgment is filed under Code of Civil Procedure section 668.5, or the date it is entered in the judgment book." For an appealable order, subdivision (d)(2) and (3) of the rule provide: "(2) The entry date of an appealable order that is entered in the minutes is the date it is entered in the permanent minutes. But if the minute order directs that a written order be prepared, the entry date is the date the signed order is filed; a written order prepared under rule 3.1312 or similar local rule is not such an order prepared by direction of a minute order. [¶] (3) The entry date of an appealable order that is not entered in the minutes is the date the signed order is filed."

The trial court's order denying defendants' special motion to strike was an appealable order (§ 425.16, subd. (i)), entered in the court's permanent minutes on September 18, 2003. Plaintiff filed his motion for attorney fees more than two years later—on October 26, 2005. Plaintiff maintains that he could not bring his attorney fee motion sooner because defendants' appeal of the trial court's order denying the special motion to strike stayed further proceedings in the trial court pursuant to section 916, subdivision (a).[7] The perfecting of defendants' appeal, however, did not automatically stay proceedings in the trial court to award fees and costs under section 425.16, subdivision (c). (See *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1432, 1433 [103 Cal.Rptr.2d 174].) Defendants argue that plaintiff's motion was untimely because rules 3.1702 and 8.104 require plaintiff's motion to have been filed within 180 days after September 18, 2003. There is some support for this argument in the language of the two rules. Subdivision (b)(1) of rule 3.1702 states that "[a] notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108." Subdivisions (a)(3), (d)(2) and (f) of rule 8.104 require a notice of appeal from an appealable order to be filed within 180 days after entry in the court's permanent minutes.[8]

---

[7] Section 916, subdivision (a) states: "Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

[8] Defendants argue that plaintiff's motion should have been filed within 60 days after notice of the trial court's ruling was mailed or served. Rule 8.104(a)(2) states in relevant part that "a notice of appeal must be filed on or before . . . [¶] . . . 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by a proof of service . . . ." On September 30, 2003, plaintiff served on defendants a document entitled "Notice of Ruling on Defendants'

■ A closer inspection of rules 3.1702 and 8.104, however, reveals a discrepancy between the language of the two rules that makes their application to plaintiff's motion uncertain. Rule 3.1702(b)(1) prescribes time limits for filing a "notice of motion to claim attorney's fees for services *up to and including the rendition of judgment* in the trial court." (Italics added.) The term "rendition of judgment" has a particular meaning. In the context of a court trial, it means the signing and filing of the court's findings, conclusions, and final judgment in a case. (See *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 152 [178 Cal.Rptr. 642]; 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment, § 56, p. 560.) The language preceding the term "rendition of judgment," as used in rule 3.1702, is worded in the conjunctive, encompassing claims for attorney fees "for services *up to **and** including* the rendition of judgment." (Rule 3.1702(b)(1), italics & boldface added.) The language of the rule thus applies only to a motion to recover *all* prejudgment attorney fees incurred in an action, and contemplates the filing of such a motion at the conclusion of the lawsuit.

A motion for attorney fees incurred in connection with a prejudgment appealable order, such as an order granting or denying a special motion to strike, is a "claim for services" rendered *before* "the rendition of judgment." It is not a claim "for services *up to and including* the rendition of judgment," and therefore does not fit within the plain language of rule 3.1702.

The term "appealable order" does not appear in rule 3.1702. The issue concerning the rule's applicability to appealable orders arises because subdivision (b)(1) of rule 3.1702 refers to other rules—rules 8.104 and 8.108—which define the term "judgment" to include appealable orders under certain circumstances. The reference in rule 3.1702(b)(1) to rules 8.104 and 8.108 gives rise to an ambiguity in the meaning and application of rule 3.1702 that requires us to consider the rule's drafting history, as well as its purpose and intent.

The First District Court of Appeal, in *Crespin, supra,* 125 Cal.App.4th 259, considered the relationship between former rule 870.2 (now rule 3.1702) and former rules 2 and 3 (now rules 8.104 & 8.108) in determining whether the time limits imposed by those rules apply to a postjudgment motion to obtain statutory attorney fees incurred in modifying a permanent injunction. The court in *Crespin* considered the language of rule 870.2, as well as the drafting history and policy behind the rule, and concluded that it made little sense to

---

Special Motion To Strike Portions of the Complaint." Service of that document would not have triggered the 60-day time period, if applicable to plaintiff's motion, because it did not conform to the language of rule 8.104 requiring service of a document entitled "Notice of Entry" of appealable order.

apply the time limits prescribed by rule 870.2 to motions for statutory fees incurred in connection with either prejudgment or postjudgment orders. (*Crespin,* at pp. 265, 267.)

The *Crespin* court noted that the reference in former rule 870.2 to former rules 2 and 3 did not incorporate the special definitions of "judgment" used in rules 2 and 3. As noted, former rules 2 and 3 define "judgment" to include appealable orders in certain circumstances. The court in *Crespin* observed that rule 870.2(b)(1) "by its express terms, merely borrows the *time limits* for filing a notice of appeal set forth in rules 2 and 3." (*Crespin, supra,* 125 Cal.App.4th at p. 266.) The court stated that the special definitions of "judgment" "are specific to the subject matter of rules 2 and 3: setting a readily determinable time limit for filing a notice of appeal. It makes perfect sense in that context to have a single time limit applicable to both judgments and appealable orders. In fact, rule 2(f) states expressly that its definition of 'judgment' to include an appealable order only applies if the appeal is from an appealable order rather than a judgment. Rule 870.2 addresses an entirely different subject: setting a time limit for seeking attorney fees. For that purpose, there is no obvious reason to impose the same time limit for bringing fee motions after entry of appealable orders and judgments. If anything . . . such an equation would promote piecemeal litigation over fees, which the drafters of rule 870.2 wanted to avoid." (*Ibid.*)

The court in *Crespin* further noted, "An intent to borrow rule 2's special definition of 'judgment' is therefore anything but clear or unambiguous in the text of rule 870.2. . . . [W]e have also examined the rule's drafting history for evidence of such an intent. . . . We have found no sign in the drafting history of rule 870.2 that the effect of incorporating or not incorporating that specific definition into the rule by reference was ever considered or discussed." (*Crespin, supra,* 125 Cal.App.4th at p. 266.)

The court in *Crespin* went on to state that interpreting former rule 870.2 to apply to fee motions for services rendered in connection with a prejudgment appealable order is "not practical or consistent with wise policy" (*Crespin, supra,* 125 Cal.App.4th at p. 266), particularly in the context of public interest litigation. "Reasonably construed, subdivision (b) [of rule 3.1702, former rule 870.2] permits a public interest litigant to file a single fee motion covering all services rendered in litigating the case to a judgment in the trial court. It does so by setting a time limit for bringing a fee motion '*for services up to and including the rendition of judgment* in the trial court.' [Citation.] . . . [An] interpretation [that] focuses narrowly on the word 'judgment' and entirely ignores the italicized words that immediately precede it . . . leads to an absurdity. Each time an appealable order was entered, the public interest plaintiff would be compelled to promptly apply for fees for all services 'up to

and including the rendition of [the appealable order].' Such a reading would *compel* premature and piecemeal litigation over fees." (*Crespin*, at pp. 266–267.) The court in *Crespin* thus concluded that applying former rule 870.2 to motions for statutory fees incurred in connection with prejudgment appealable orders "does not seem sensible, practical, or consistent with either the language of the rule or the dictates of wise policy." (125 Cal.App.4th at pp. 266–267.)

We agree with the court in *Crespin* that interpreting rule 3.1702 to require litigants to apply for attorney fees incurred in connection with a prejudgment appealable order within 60 or 180 days after entry of the order would be inconsistent with the language of the rule and its underlying policy.[9] The history of rule 3.1702 supports this conclusion.[10] A concise summary of the rule's history may be found in *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422 [111 Cal.Rptr.2d 837] (*Sanabria*).[11] In that case, Division Five of this court recounted the history of rule 3.1702 as follows: "In 1992, the Supreme Court asked the Administrative Office of the Courts to review the timing of claims for attorney fees under Code of Civil Procedure section 1021.5 (private attorney general fees). The Supreme Court was concerned that case law arguably permitted claims for such fees to be pursued at any time. A time limit appeared desirable. (Jud. Council of Cal., Admin. Off. of Cts., Rep. on Time to Claim Attorney Fees (rule 870.2) (1992) p. 1.) Rather than address only attorney fees under Code of Civil Procedure section 1021.5, an amendment to California Rules of Court, rule 870.2 was proposed that would address the procedure for all claims for attorney fees under statute or contract. (Jud. Council of Cal., Admin. Off. of Cts., Request for Comment: Specifying Time to Claim Attorney Fees by Rule (1992).)" (*Sanabria, supra*, at p. 427.)

The Judicial Council's 1992 request for comments indicates the drafters' intent to set an outer time limit *after judgment* within which statutory attorney fee claims could be made. In that document, the Judicial Council

---

[9] There is language in the court's opinion in *Crespin* that suggests that the time limits imposed by rule 3.1702 should not apply to motions for attorney fees incurred in connection with prejudgment appealable orders. (*Crespin, supra*, 125 Cal.App.4th at pp. 267–270.) We do not agree with such a suggestion. Rule 3.1702 plainly states that it applies "in civil cases to claims for statutory attorney's fees," and a claim for fees under section 425.16, subdivision (c) falls within the ambit of the rule. Rather, as we discuss, we interpret rule 3.1702 such that the time limits imposed by the rule do not commence to run in connection with a motion for fees under section 425.16 until entry of judgment.

[10] We take judicial notice of the history of rule 3.1702.

[11] In *Sanabria*, the court considered the history of former rule 870.2 in order to determine whether voluntary dismissal of a complaint triggers the time limits imposed by the rule. The court concluded that the 60-day time limit for bringing a motion for attorney fees under rule 870.2 "commences to run at notice of entry of judgment or dismissal." (*Sanabria, supra*, 92 Cal.App.4th at p. 429.)

states that the proposed amendments would "eliminate any possible implication that an attorney fee claim could be presented in an unlimited time *after* entry of judgment or issuance of a remittitur on appeal." (Judicial Council of Cal., Admin. Off. of Cts., Request for Comment: Specifying Time to Claim Attorney Fees by Rule (1992), italics added.) As initially proposed, the draft rule provided that a "notice of motion to claim prejudgment attorney fees shall be served and filed before or at the same time the memorandum of costs is served and filed." (*Ibid.*) Under the rules in effect at the time, a prevailing party who claimed costs was required to serve and file a memorandum of costs within 15 days after the date of mailing the notice of entry of judgment or dismissal by the clerk or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever was sooner. (*Sanabria, supra*, 92 Cal.App.4th at p. 427, fn. 4.)

A substantial number of comments were submitted in response to the Judicial Council's proposal. As summarized by the court in *Sanabria*: "Comments opposed the proposed amendment on the basis that the time suggested for claiming attorney fees would be inadequate for the more complex attorney fee issues that could arise under Code of Civil Procedure section 1021.5." (*Sanabria, supra*, 92 Cal.App.4th at p. 428.) Instead of using the 15-day time period for filing a memorandum of costs, many commenters, including the State Bar of California, suggested that 60 days would be a more reasonable time period in which to bring a motion for attorney fees. (Judicial Council of Cal., Admin. Off. of Cts., Rep. on Time to Claim Attorney Fees (rule 870.2), *supra*, at p. 4.) "The State Bar's response to the request for comments was considered significant and was attached as an exhibit to the Administrative Office of the Courts' report on the proposal. In its response, the State Bar offered its own proposed language for California Rules of Court, rule 870.2, which provided, in pertinent part, as follows: 'A notice of motion to claim prejudgment attorney fees shall be served and filed within 60 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first.' (Jud. Council of Cal., Admin. Off. of Cts. Rep. on Time to Claim Attorney Fees (rule 870.2), *supra*, at p. 14.) This language tracked the language of California Rules of Court, rule 870(a), setting forth the time limit for claiming costs. The Administrative Office of the Courts interpreted this proposal as 'a requirement that the notice of motion for fees be filed within what is, in effect, the time for filing a notice of appeal.' (Jud. Council of Cal., Admin. Off. of Cts. Rep. on Time to Claim Attorney Fees (rule 870.2), *supra*, at p. 4.)" (*Sanabria, supra*, 92 Cal.App.4th at p. 428.) The Administrative Office of the Courts also received comments from attorneys who handled complex public benefit cases, and who urged that there be optional deferral of a litigant's entitlement to attorney fees until after

a possible appeal. (Judicial Council of Cal., Admin. Off. of Cts., Rep. on Time to Claim Attorney Fees (rule 870.2) (1993).)

Based on these comments, the Administrative Office of the Courts prepared another draft of former rule 870.2, incorporating the time periods for filing a notice of appeal. To address concerns that the proposed 60- or 180-day time period after notice of entry or entry of judgment might not be sufficient, the rule was further amended to allow the parties to stipulate to extend the time until 60 days after the deadline to file an appeal, or, in the event an appeal was filed, until the deadline for claiming costs on appeal. The rule was also amended to authorize the trial court to grant further extensions of time for good cause. The new draft was circulated and the language of the then current rule 870.2 was adopted. (*Sanabria, supra,* 92 Cal.App.4th at p. 428.)

It is evident from the history of rule 3.1702 that neither the drafters of the rule nor the parties commenting on the proposed rule contemplated that entry of a prejudgment appealable order might trigger the deadlines for claiming prejudgment attorney fees. The drafters noted that the proposed rule "does not prevent attorneys from claiming such fees quite promptly; rather, it sets an outside time within which claims must be made." (Judicial Council of Cal., Admin. Off. of Cts., Mem. from Members of Civil and Small Claims Com., Time to Claim Attorney Fees, Rule 870.2 (1993).) The history of rule 3.1702 indicates that the "outside" time limit for claiming prejudgment statutory attorney fees was intended to be entry of a final judgment—not entry of a prejudgment appealable order.

■ Applying these principles to the instant case, we hold that the time limits imposed by rules 3.1702 and 8.104 for filing a motion for attorney fees under section 425.16, subdivision (c) do not commence to run until entry of judgment at the conclusion of the litigation. This interpretation of rule 3.1702 is consistent not only with the rule's history and underlying policy, but also with existing law and practice. ■ As noted, there are three ways in which a party may seek an award of attorney fees and costs in connection with a special motion to strike under section 425.16. The party filing such a motion may seek attorney fees in its moving papers, or the party prevailing on the motion may bring a separate, subsequently filed motion for fees and costs. (*Doe v. Luster, supra,* 145 Cal.App.4th at p. 144; *American Humane Assn., supra,* 92 Cal.App.4th at p. 1103.) "The party prevailing on the special motion to strike can also seek its attorney fees as part of a cost memorandum *at the conclusion of the litigation.* [Citations.]" (*Doe v. Luster,* at p. 144, fn. 4, italics added.) ■ In this case, had plaintiff not elected to bring a motion for attorney fees under section 425.16, subdivision (c), he could still have sought such fees as part of a cost memorandum at the conclusion of the lawsuit. (*Doe,* at p. 144, fn. 4.) Plaintiff's motion for attorney fees, filed before entry of judgment, was not untimely under rule 3.1702.

### D. *Propriety of Attorney Fee Award*

Section 425.16 accords a trial court discretion to award attorney fees and costs to the prevailing plaintiff on a special motion to strike "[i]f the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay." (§ 425.16, subd. (c); see *Visher v. City of Malibu* (2005) 126 Cal.App.4th 364, 371 [23 Cal.Rptr.3d 816].) Such fees and costs are awarded pursuant to section 128.5, which allows an award of "reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." (§ 128.5, subd. (a); see § 425.16, subd. (c).)

■ " 'A determination of frivolousness requires a finding the motion is "totally and completely without merit" (§ 128.5, subd. (b)(2)), that is, "any reasonable attorney would agree such motion is totally devoid of merit." [Citation.]' [Citation.]" (*Foundation for Taxpayer & Consumer Rights v. Garamendi* (2005) 132 Cal.App.4th 1375, 1388 [34 Cal.Rptr.3d 368] (*Garamendi*).) We review the trial court's award of attorney fees and costs to the prevailing plaintiff under section 425.16, subdivision (c) for abuse of discretion. (132 Cal.App.4th at p. 1388.) Under this standard, the appropriate test is whether the trial court exceeded the bounds of reason. (*Ibid.*)

Here, the trial court found defendants' motion to be frivolous and awarded plaintiff $53,651.47. Defendants argue that the trial court did not set forth with sufficient particularity the justification for its finding of frivolousness and that such a finding is not warranted. We find the trial court's order was sufficient and find no abuse of discretion in its decision to award attorney fees and costs.

#### 1. *Sufficiency of Order*

■ Section 128.5, subdivision (c) requires that a trial court's order imposing fees and costs "shall be in writing and shall recite in detail the conduct or circumstances justifying the order." "Substantively, section 128.5 does not replace section 425.16. The import of section 425.16 is that 'a court must use the procedures and apply the substantive standards of section 128.5 in deciding whether to award attorney fees under the anti-SLAPP [12] statute.' [Citation.]" (*Garamendi, supra,* 132 Cal.App.4th at p. 1388.) In *Decker v. U.D. Registry, Inc.* (2003) 105 Cal.App.4th 1382, 1392 [129 Cal.Rptr.2d

---

[12] Section 425.16 is known also as the anti-SLAPP statute. SLAPP refers to strategic lawsuit against public participation. "The acronym was coined by Penelope Canan and George W. Pring, professors at the University of Denver. (See generally Canan & Pring, *Strategic Lawsuits Against Public Participation* (1988) 35 Soc. Probs. 506.)" (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 72, fn. 1 [124 Cal.Rptr.2d 519, 52 P.3d 695].)

892], the court found insufficient an order stating, without more, that a defendant's special motion to strike was "frivolous." The court in *Decker* concluded that, "The court's written order 'should be more informative than a mere recitation of the words of the statute.' [Citation.]" (*Ibid.*) "The conduct or circumstances justifying the imposition of sanctions may be satisfied by incorporating by reference 'papers setting forth the conduct, circumstances, and legal arguments underlying the court's conclusions.' [Citation.]" (*Garamendi, supra,* at p. 1388.)

 The trial court here did more than recite that defendants' motion was frivolous. The court's statement of reasons, although brief, incorporated by reference both defendants' moving papers and our previous opinion affirming the denial of the special motion to strike. In our previous opinion, we rejected defendants' repeated efforts to "doggedly regurgitate the same baseless rationale" in support of their arguments that a private employer's investigation of an employee's alleged sexual harassment was somehow protected activity under section 425.16. (*Carpenter v. Jack in the Box Corp., supra,* B171403.) "To justify a sanctions award, 'no more is required than a written factual recital, with reasonable specificity, of the circumstances that led the trial court to find the conduct before it sanctionable under the relevant code section.' [Citation.]" (*Garamendi, supra,* 132 Cal.App.4th at p. 1389.) The trial court's order met this standard.

### 2. *Basis for Attorney Fee Award*

 Section 425.16 provides in relevant part: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) Determining whether the statute bars a given cause of action requires a two-step analysis. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 [124 Cal.Rptr.2d 530, 52 P.3d 703].) First, the court must decide whether the party moving to strike a cause of action has made a threshold showing that the cause of action arises from an act " 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue.' " (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [124 Cal.Rptr.2d 507, 52 P.3d 685].) Section 425.16, subdivision (e) defines an " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' " to include "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding

authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." If the court finds that the defendant has met its burden of demonstrating that the complaint comes within the provision of section 425.16, the burden then shifts to the plaintiff to demonstrate a "probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1); see *Navellier, supra*, 29 Cal.4th at p. 88.)

Defendants contend that the issue presented in their special motion to strike—whether statements made in connection with an employer's investigation of an employee's alleged sexual harassment were protected under section 425.16, subdivision (e) as an "official proceeding authorized by law"—was one of first impression at the time; that the law concerning the scope of the protection afforded by section 425.16, subdivision (e) to nongovernmental proceedings was uncertain; and that they reasonably pursued both the special motion to strike and appeal of the trial court's order denying that motion.

After the trial court entered its order awarding plaintiff his attorney fees, the Third District Court of Appeal issued its opinion in *Olaes v. Nationwide Mutual Ins. Co.* (2006) 135 Cal.App.4th 1501 [38 Cal.Rptr.3d 467] (*Olaes*), in which the court rejected an identical argument made by an employer who sought to invoke the protection of section 425.16 as the basis for striking a defamation claim arising out of the employer's investigation of alleged sexual harassment by an employee. The employer argued that its investigation was an "official proceeding" under subdivision (e) of section 425.16. The court in *Olaes* found the employer's interpretation of section 425.16 to be "tortuous at best and illogical at worst," and that the phrase " 'any other official proceeding' " as used in the statute was "intended to protect speech concerning matters of public interest in a governmental forum" (135 Cal.App.4th at p. 1507), and not a procedure for resolving sexual harassment complaints "designed and instituted by a private company." (*Id.* at p. 1508.) Defendants argue that they did not have the benefit of the *Olaes* court's guidance concerning the meaning of an "official proceeding authorized by law" at the time they brought their special motion to strike and that they should not be sanctioned for pursuing what they believed to be a meritorious claim.

 Defendants' focus on the phrase "any other official proceeding authorized by law" in subdivision (e) of section 425.16 ignores other

statutory language requiring that statements made during such proceedings be "in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4); see *id.*, subd. (e)(3).) Even before the Third Appellate District's decision in *Olaes*, the law was well established "that unlawful workplace activity below some threshold level of significance is not an issue of public interest, even though it implicates a public policy." (*Rivero v. American Federation of State, County and Municipal Employees, AFL-CIO* (2003) 105 Cal.App.4th 913, 924 [130 Cal.Rptr.2d 81].) In *Rivero*, a supervisor of janitors at a public university sued his union for defamation and negligent and intentional infliction of emotional distress after information about him was published in a union publication. The union moved to strike the complaint under section 425.16, arguing that the alleged wrongful conduct was in furtherance of the exercise of the constitutional right of free speech in connection with a public issue or an issue of public interest. In affirming the order denying the union's special motion to strike, the court in *Rivero* stated, "Here, the Union's statements concerned the supervision of a staff of eight custodians by Rivero, an individual who had previously received no public attention or media coverage. Moreover, the only individuals directly involved in and affected by the situation were Rivero and the eight custodians. Rivero's supervision of those eight individuals is hardly a matter of public interest." (*Rivero*, at p. 924.) The instant case, involving a private employer's investigation of an alleged incident of sexual harassment by an individual who was entirely outside the public eye, is indistinguishable from the circumstances presented in *Rivero*. Defendants did not meet their burden of establishing that plaintiff's causes of action arose from acts protected under section 425.16 "in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4); see *Olaes, supra*, 135 Cal.App.4th at p. 1511 ["although . . . the elimination of sexual harassment implicates a public interest, an investigation by a private employer concerning a small group of people does not rise to a public interest under section 425.16"].) We reached this same conclusion in defendants' previous appeal in which we affirmed the trial court's order denying the special motion to strike. (*Carpenter v. Jack in the Box Corp., supra*, B171403.) The trial court did not abuse its discretion by concluding that defendants' special motion to strike, and their appeal of the order denying that motion, were frivolous. (*Garamendi, supra*, 132 Cal.App.4th at p. 1388.)

E. *Attorney Fees in This Appeal*

Plaintiff asks in a separate motion that we find defendants' appeal of the trial court's order awarding attorney fees and costs to be frivolous, and that we dismiss the appeal and award him his attorney fees incurred in responding to this appeal. Given the ambiguity in rule 3.1702, and the uncertainty concerning its application to motions for attorney fees incurred in connection with a special motion to strike under section 425.16, we cannot conclude that

defendants' appeal was frivolous. We therefore deny plaintiff's request for dismissal and attorney fees on appeal.

## DISPOSITION

The order awarding plaintiff his attorney fees and costs under section 425.16, subdivision (c) is affirmed. Plaintiff is awarded his costs on appeal, not including attorney fees incurred in responding to this appeal.

Boren, P. J., and Ashmann-Gerst, J., concurred.