Filed 11/20/25  Lambdin v. Mangold Property Management CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| EVELYN M. LAMBDIN et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>MANGOLD PROPERTY MANAGEMENT, INC., et al.,<br><br>    Defendants and Respondents. | H052517<br>(Monterey County<br>Super. Ct. No. 22CV001731) |

Plaintiffs Evelyn M. Lambdin and Lawrence C. McGhee brought a lawsuit against defendants Mangold Property Management, Inc. (Mangold), Kyle Strutner, Craig Coming, and Ashley Blackmon.  Defendants filed an anti-SLAPP motion and sought attorney fees.  (See Code Civ. Proc., § 425.16, subds. (b)(1) & (c)(1).)[1]  The trial court granted the anti-SLAPP motion and awarded attorney fees of $10,200.

Plaintiffs appealed, and this court affirmed.  (*Lambdin, et al. v. Mangold Property Management, Inc., et al.* (Jan. 22, 2024, H050445) [nonpub. opn.].)  Plaintiffs petitioned the California Supreme Court for review, which the California Supreme Court denied.

Defendants thereafter filed a motion in the trial court seeking attorney fees and costs incurred in connection with plaintiffs' prior appeal, plaintiffs' petition for review,

---

[1] Unspecified statutory references are to the Code of Civil Procedure unless otherwise indicated.

and defendants' new motion for fees in the trial court.  Plaintiffs opposed the motion.
The trial court granted the motion in part, reducing the amount of fees requested by
$9,215, for a total fee award of $130,280.

On appeal from this second attorney fees order, plaintiffs contend that there was
"insufficient support" for the fee award.  For reasons that we will explain, we affirm the
order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Plaintiffs' Tenancy*

Plaintiffs were tenants of property managed by defendant Mangold.  After the
owner of the property decided to sell, Mangold sought to have plaintiffs vacate the
premises.  Plaintiffs failed to leave the property and failed to pay rent for a period of
time.  Mangold initiated an unlawful detainer action.  While the unlawful detainer action
was pending, plaintiffs vacated the property.

### B.  *Civil Lawsuit*

In June 2022, plaintiffs filed a civil lawsuit against Mangold, property manager
Kyle Strutner, Mangold's president Craig Coming, and Mangold's collections manager
Ashley Blackmon.[2]  Plaintiffs alleged that defendants committed retaliation and other
wrongdoing.  Plaintiffs alleged the following 17 causes of action:  (1) retaliation,
(2) trespass, (3) nuisance, (4) declaratory relief, (5) rescission, (6) lockout, (7) invasion of
privacy, (8) defamation, (9) failure to return security deposit, (10) illegal charges,
(11) conversion, (12) intentional infliction of emotional distress, (13) violation of the
Tenant Protection Act (Civ. Code, §§ 1946.2, 1947.12), (14) violation of the Tenant
Relief Act (Code Civ. Proc., § 1179.04, subd. (b)), (15) wrongful eviction, (16) slander of
credit, and (17) malicious prosecution.

---

[2] Also named as a defendant was Steven Andre, who is not a party to this appeal.

2

**C.** *Grant of Anti-SLAPP Motion and Attorney Fees*

Defendants filed a special motion to strike under the anti-SLAPP statute, which provides for the "early dismissal of meritless lawsuits if they arise from a defendant's acts in furtherance of" constitutionally protected speech or petitioning activity. (*Serova v. Sony Music Entertainment* (2022) 13 Cal.5th 859, 867; see § 425.16, subd. (b)(1).) Defendants also sought attorney fees in the amount of $10,200.

The trial court granted defendants' anti-SLAPP motion as to all 17 causes of action in the complaint. The court also granted defendants' request for attorney fees in the amount of $10,200.

**D.** *First Appeal*

Plaintiffs filed a notice of appeal on September 22, 2022, contending that the trial court erred in granting the anti-SLAPP motion. (*Lambdin, et al. v. Mangold Property Management, Inc., et al.* (Jan. 22, 2024, H050445 [nonpub. opn.].) Plaintiffs did not raise any issue concerning the $10,200 award of attorney fees.

Plaintiffs and defendants filed briefs in this court. It appears from the record that defendants associated in new defense counsel for the appeal. This court held oral argument.

This court affirmed the order striking the complaint and awarding attorney fees of $10,200. (*Lambdin*, *supra*, H050445, at p. 2.) In reaching this disposition, this court explained that the prosecution of an unlawful detainer action, as well as communications that are in anticipation of such an action, are protected activities under section 425.16. (*Lambdin*, *supra*, H050445, at p. 11.) Although plaintiffs contended that their causes of action for retaliation, lockout, violation of the Tenant Protection Act, and violation of the Tenant Relief Act were "not premised on [defendants'] protected activities of initiating and prosecuting an unlawful detainer action," this court disagreed. This court also determined that plaintiffs failed to demonstrate that these causes of action had at least minimal merit. (*Lambdin*, *supra*, H050445, at pp. 12-17.)

3

**E.** *Denial of Petition for Review*

Plaintiffs filed a petition for review in the California Supreme Court. Defendants filed an answer. The California Supreme Court denied the petition for review. This court issued the remittitur.

**F.** *Defendant's Motion for Attorney Fees and Costs Incurred on Appeal and Thereafter*

In June 2024, defendants filed in the trial court a memorandum of costs and a motion for attorney fees and costs.[3] They requested $139,495 in attorney fees and $1,289.50 in costs, all of which had been incurred after the trial court granted their anti-SLAPP motion. Defendants contended that they were entitled to fees and costs that were incurred on appeal and in connection with bringing the pending motion for fees and costs in the trial court.

Regarding attorney fees, defendants calculated the lodestar amount based on 355.1 hours multiplied by a "blended" hourly rate of $392.83. Defendants argued that the hours spent in the case were reasonable in view of the number of causes of action, the procedural and factual background of the case spanning several years, and the nature of the legal issues raised. Defendants also contended that their hourly rates were reasonable based on case law.

In support of the request for attorney fees, defendants provided declarations from two senior counsel, a partner, and a paralegal from the defense law firm, which was located in Fresno.[4]

The senior counsel who was responsible for most of the hours claimed in the case was admitted to the California State Bar in 1993, and had civil appellate experience. In

---

[3] The record on appeal contains the memorandum of points and authorities and declarations filed in support of the motion for fees and costs, but not the motion itself.

[4] Plaintiffs have filed a motion to augment the record with two of the declarations that were filed in the trial court. We grant plaintiffs' motion to augment.

his declaration, counsel stated that he spent a total of 325.7 hours working on the case in connection with the appeal, petition for review, and the second fee motion. The total time included 223.7 hours analyzing plaintiffs' opening brief in the first appeal, reviewing the record, researching, and drafting the responding brief with respect to 17 causes of action under the two-step burden shifting analysis of the anti-SLAPP statute. The total time also included 23.6 hours for counsel to prepare for and attend oral argument in the first appeal, 63.4 hours to review plaintiffs' petition for review in the California Supreme Court and to prepare an answer, and 15 hours to prepare the pending fee motion in the trial court. Counsel anticipated spending an additional eight hours to review plaintiffs' opposition, prepare a reply, and attend the hearing on the motion. Attached to counsel's declaration were copies of the parties' briefs filed in this court in the first appeal and the petition and answer filed in the California Supreme Court. In their motion for attorney fees, defendants indicated that a reasonable hourly fee for this counsel was $400.

Another senior counsel at the defense law firm was admitted to the California State Bar in 2009. She stated in a declaration that she was "primarily responsible for communicating with [d]efendants regarding defense strategy, including" regarding defendants' response to plaintiffs' first appeal. Counsel stated that she "also facilitated the preparation and filing of documents relating to the appeal." She stated that she spent a total of 11.4 hours "relating to these communications and tasks." In defendants' motion for fees, they indicated that a reasonable hourly fee for this senior counsel was $350.

A partner at the defense law firm was admitted to the California State Bar in 1996. He "oversaw the handling of" plaintiffs' first appeal by defense counsel. According to his declaration, he incurred 2.1 hours "strategizing and overseeing the work of the attorneys and paralegals working on this case." In their motion for fees, defendants indicated that a reasonable hourly fee for this partner was $400.

A paralegal from the defense law firm stated in a declaration that she had been a paralegal since 2008. She spent 7.9 hours preparing the appellate briefs by formatting, bookmarking, cite-checking, and "inputting" the table of contents and table of authorities. In the motion for fees, defendants indicated that a reasonable hourly fee for this paralegal was $150.

### G. *Plaintiffs' Motion to Strike or Tax Costs*

Plaintiffs filed a motion to strike or tax costs. They contended that although a trial court must award attorney fees to the prevailing defendant on an anti-SLAPP motion, defendants in this case were improperly seeking "fees for the entire litigation, not just the special motion to strike."

### H. *Defendants' Opposition to the Motion to Strike or Tax Costs*

Defendants filed an opposition to the motion to strike or tax costs. They contended that they were properly seeking attorney fees incurred on appeal regarding the anti-SLAPP motion and in connection with litigating the fee award itself.

### I. *Plaintiffs' Reply in Support of Motion to Strike or Tax and in Opposition to Defendant's Motion for Attorney Fees*

Plaintiffs filed a reply in support of their motion to strike or tax costs, and they filed opposition to defendants' motion for attorney fees. Plaintiffs argued that defendants' attorney fee request was unreasonable and inflated. Plaintiffs contended that the declarations from defense counsel contained "a self-serving claim of the total amount of hours that were alleged to have been spent, without what tasks those hours were spent doing." Plaintiffs further argued that defendants' responding brief in the first appeal was not "compelling" and that a "paralegal probably wrote it in 1 hour." Plaintiffs also contended that defense counsel's oral argument was "not that one would expect of the product of 325 hours." Plaintiffs argued that the fee request should be denied in its entirety.

**J.** *Hearing and Order*

The trial court held a hearing regarding defendants' motion for attorney fees and costs and regarding plaintiffs' motion to strike or tax costs. The hearing was not transcribed by a court reporter. According to a minute order regarding the hearing, the trial court awarded the costs requested by defendants. Regarding attorney fees, the minute order reflects that the court made a tentative ruling at the hearing that "reductions may be appropriate" for a total award of $130,280 in attorney fees. The court allowed the parties to address the tentative ruling. Plaintiff McGhee indicated that the amount was unreasonable. The court ultimately granted attorney fees and costs to defendants.

In a written order filed on September 6, 2024, the trial court awarded $130,280 in attorney fees and $1,289.50 in costs to defendants.[5] Neither the written order, the minute order, nor the settled statement of the hearing reflects the court's reasoning for reducing the requested attorney fees by $9,215 (from $139,495 to $130,280).

An amended judgment was filed on November 15, 2024, which included the award of $130,280 in attorney fees and $1,289.50 in costs to defendants.[6]

## II. DISCUSSION

On appeal, plaintiffs contend that there was "insufficient support" for the award of attorney fees to defendants. Plaintiffs do not raise any issue on appeal regarding the trial court's award of costs to defendants.

---

[5] The trial court's order awarding attorney fees to defendants after their successful anti-SLAPP motion is appealable. (*Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC* (2014) 230 Cal.App.4th 244, 250.)

[6] Defendants filed a motion to augment the record with a notice of entry of the amended judgment. The notice is dated after the notice of appeal was deemed filed in this case. This court deemed the motion to augment as a request for judicial notice and deferred ruling for consideration with the merits of the appeal. We now grant the request for judicial notice of the notice of entry of the amended judgment.

**A.** *General Legal Principles Regarding Attorney Fees*

### 1. *Recoverability Under the Anti-SLAPP Statute*

A defendant who prevails on an anti-SLAPP motion is generally "entitled to recover that defendant's attorney fees and costs." (§ 425.16, subd. (c)(1).) The California Supreme Court has described attorney fees as " 'mandatory' " for a defendant who brings a successful anti-SLAPP motion. (*S. B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 379 (*S. B. Beach Properties*).) The court has also stated that the "apparent purpose" of this fee-shifting provision is to "compensat[e] the prevailing defendant for the undue burden of defending against litigation designed to chill the exercise of free speech and petition rights. [Citation.]" (*Barry v. State Bar of California* (2017) 2 Cal.5th 318, 328.)

### 2. *Scope of Recoverable Attorney Fees*

The provision for attorney fees under the anti-SLAPP statute "includes fees . . . ' " 'incurred in connection with' " ' the anti-SLAPP motion itself, but not 'fees . . . incurred for the entire action.' [Citation.]" (*Six4Three, LLC v. Facebook, Inc.* (2025) 109 Cal.App.5th 635, 660, italics omitted (*Six4Three*); accord, *S. B. Beach Properties*, *supra*, 39 Cal.4th at p. 381.)

Also recoverable are " 'fees on fees,' " which are "the fees incurred in enforcing the right to mandatory fees under" the statute, such as " 'those necessary to establish and defend the fee claim.' " (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141 (*Ketchum*).)

In addition, appellate fees are recoverable, such as those "incurred in responding to an appeal of an order granting . . . a special motion to strike . . . ." (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 461 (*Carpenter*).)

### 3. *Lodestar Calculation*

The trial court has discretion in "mak[ing] an award of reasonable attorney fees to a prevailing defendant . . . ." (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785; see *Ketchum*, *supra*, 24 Cal.4th at p. 1134.) A court in

exercising its discretion should apply the lodestar adjustment approach.  (*Ketchum*, *supra*, at p. 1136.)  The basic lodestar figure is calculated "based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type.  [Citation.]"  (*Id.* at p. 1133, italics omitted.)  "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether."  (*Id.* at p. 1138, fn. omitted.)

### 4.  *Proof of Attorney's Hours*

"As the moving party, the prevailing defendant seeking fees and costs ' "bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." [Citation.]  To that end, the court may require [a] defendant[] to produce records sufficient to provide " 'a proper basis for determining how much time was spent on particular claims.' " [Citation.]"  (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320 (*Christian Research Institute*).)

"Block billing occurs when 'a block of time [is assigned] to multiple tasks rather than itemizing the time spent on each task.' [Citation.]"  (*Mountjoy v. Bank of America, N.A.* (2016) 245 Cal.App.4th 266, 279.)  Block billing is "not objectionable per se . . . ." (*Christian Research Institute*, *supra*, 165 Cal.App.4th at p. 1322.)  However, "[t]rial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not.  [Citations.]"  (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1010-1011.)  "When the trial court substantially reduces a fee or cost request, we infer the court has determined the request was inflated.  [Citation.]"  (*Christian Research Institute*, *supra*, at p. 1323.)

" 'Although a fee request ordinarily should be documented in great detail, it cannot be said . . . that the absence of time records and billing statements deprive[s] [a] trial court of substantial evidence to support an award . . . .' [Citation.)  '[T]he verified time statements of [an] attorney[], as [an] officer[] of the court, are entitled to credence in

9

the absence of a clear indication the records are erroneous.' [Citation.]" (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 784-785 (*City of Colton*).) A trial court may "make its own evaluation of the reasonable worth of the work done in light of the nature of the case, and of the credibility of counsel's declaration unsubstantiated by time records and billing statements." (*Weber v. Langholz* (1995) 39 Cal.App.4th 1578, 1587 (*Weber*).)

### 5. *Standard of Review*

We review a trial court's determination of attorney fees for an abuse of discretion. (*Ketchum*, *supra*, 24 Cal.4th at pp. 1130, 1140.) Under the abuse of discretion standard, the test is " ' "whether or not the trial court exceeded ' "the bounds of reason, all of the circumstances before it being considered. . . ." ' [Citations.]" [Citation.] "A decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' [Citations.] In the absence of a clear showing that its decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate objectives and, accordingly, its discretionary determinations ought not be set aside on review." [Citation.]' " (*Maughan v. Google Technology, Inc*. (2006) 143 Cal.App.4th 1242, 1249-1250; accord, *Weber*, *supra*, 39 Cal.App.4th at p. 1587 [explaining that an appellate court does "not reweigh the evidence" regarding an award of attorney fees].)

In addition, "[a]n attorney fee dispute is not exempt from generally applicable appellate principles . . . ." (*Christian Research Institute*, *supra*, 165 Cal.App.4th at p. 1322.) "[T]he burden is on an appellant to demonstrate . . . that the trial court committed an error that justifies reversal of the judgment [or order]." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v.*

*Superior Court* (1970) 2 Cal.3d 557, 564; accord, *In re Julian R.* (2009) 47 Cal.4th 487, 498-499.)

**B.** *Analysis*

Plaintiffs contend that there was "insufficient support" for the award of attorney fees to defendants. According to plaintiffs, defendants "did not provide enough information for the trial court to make [its] determination that the fees allowed were reasonable or necessarily incurred solely in connection" with the anti-SLAPP motion. Plaintiffs specifically refer to the declaration of the senior defense counsel who spent the most time on the case, that is, a total of 325.7 hours. Plaintiffs contend that counsel's declaration was vague. They argue that the court needed more information to determine whether the claimed hours included work unrelated to the anti-SLAPP motion or fees motion; whether time entries were " 'block-billed' . . . and represented padding"; and whether some hours "were unnecessary because the anti-SLAPP motion and the issues were not especially novel or complex." Plaintiffs also contend that time spent by defense counsel conferring with cocounsel, and time spent in connection with the appeal, are not compensable.

We determine that plaintiffs fail to establish an abuse of discretion by the trial court in setting the attorney fees award. Defendants' primary defense counsel, who spent the most time on the case, provided a declaration stating that all of the hours claimed were for "working on various aspects of Defendants' anti-SLAPP motion before the Court of Appeal, the Supreme Court, and [the trial court]." Counsel's declaration (1) described the work performed at each stage in the appellate process—including before this court and the California Supreme Court—and (2) listed the total number of hours spent at each of those stages. The work described by counsel included reviewing plaintiff's appellate brief and the record, researching legal authorities, drafting a responding brief, and preparing for and attending oral argument in this court, as well as reviewing plaintiffs' petition for review, researching, and preparing an answer for the

11

California Supreme Court. Counsel also separately described the hours spent for preparing the most recent fee motion filed in the trial court. Counsel's declaration thus "provided a breakdown of his activities." (*City of Colton*, *supra*, 206 Cal.App.4th at p. 785.)

Regarding whether defense counsel may have spent time on tasks unrelated to the anti-SLAPP motion, we observe that defendants in their memorandum of points and authorities in support of their motion for attorney fees indicated that they were seeking fees incurred *after* the grant of their anti-SLAPP motion. That timeframe encompassed plaintiffs' prior appeal in this court concerning the grant of defendants' anti-SLAPP motion, plaintiffs' petition for review in the California Supreme Court concerning the anti-SLAPP motion, and subsequent proceedings in the trial court by defendants for fees and costs under the anti-SLAPP statute. Under these circumstances, it was reasonable for the trial court to determine that the time spent by defense counsel for filings in this court, in the California Supreme Court, and in the trial court thereafter pertained only to the anti-SLAPP motion, not to the litigation as a whole. (See *Carpenter*, *supra*, 151 Cal.App.4th at p. 461 [stating that recoverable appellate fees include those "incurred in responding to an appeal of an order . . . denying a special motion to strike"]; *Ketchum*, *supra*, 24 Cal.4th at p. 1141 [explaining that fees " 'necessary to establish and defend the fee claim' " are recoverable].)

Moreover, defense counsel's "declaration was made under penalty of perjury. The work described in the declaration was broken down by task and can be, for the most part, verified by looking at the record, e.g., the [briefs filed on behalf of defendants in the trial court, in this court, and in the California Supreme Court]. Also, the reasonable worth of that work can be evaluated by looking at the record." (*City of Colton*, *supra*, 206 Cal.App.4th at p. 785.) Plaintiffs fail to demonstrate that the trial court abused its discretion in relying on defense counsel's declaration in this regard. (*See ibid.*)

12

Plaintiffs argue that the trial court needed more information to determine whether some of the claimed hours "were unnecessary because the anti-SLAPP motion and the issues were not especially novel or complex." Other than this conclusory statement alluding to a lack of novelty or complexity of the issues in this case, plaintiffs do not persuasively articulate why defendants' appellate briefing in the prior appeal does not justify the amount of time spent by defense counsel as claimed in his declaration.

Plaintiffs also contend that the time defense counsel spent conferring with cocounsel was not compensable. However, plaintiffs fail to provide legal authority to support this contention. Further, we observe that the trial court did not award the full amount requested by defendants, who sought compensation for three attorneys and one paralegal. The amount awarded by the court was $9,215 less than that requested by defendants. This reduction by the court could have encompassed the entirety of the hours claimed by the partner who was "overseeing the work" of the rest of the defense legal team (2.1 hours x $400 per hour = $840).[7] Plaintiffs do not address this reduction by the court and fail to persuasively articulate why the court's failure to further reduce the fee award was outside the bounds of reason.

### III.    DISPOSITION

The September 6, 2024 order is affirmed. In the interests of justice, the parties shall bear their own costs on appeal.

---

[7] In addition, the total amount by which the trial court reduced defendants' requested fees ($9,215) could have also encompassed: (1) the *entirety* of the hours by the second senior counsel, who communicated the defense strategy to defendants and helped prepare documents for filing (11.4 hours x $350 per hour = $3,990); (2) the *entirety* of the paralegal's time preparing the appellate briefs (7.9 hours x $150 per hour = $1,185), and (3) eight hours by primary defense counsel, which might have encompassed his "anticipate[d]" time for future work (8 hours x $400 per hour = $3,200).

13

_____
                  Greenwood, P. J.

WE CONCUR:

_____
 Danner, J.

_____
 Kulkarni, J.*

Lambdin et al. v. Mangold Property Management, Inc et al.
H052517

_____
      * Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.