Filed 1/28/14  Conservatorship of Spears CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| Conservatorship of the Person and Estate of BRITNEY JEAN SPEARS. | B242444 (Los Angeles County Super. Ct. No. BP108870) |
| JAMES P. SPEARS, as Coconservator, etc., et al., Petitioners and Respondents, v. SAM LUTFI, Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Reva G. Goetz, Judge.  Affirmed.

Sam Lutfi, in pro. per., for Objector and Appellant.

Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, Joel E. Boxer and Bonita D. Moore for Petitioners and Respondents.

_____

Appellant Sam Lutfi (Lutfi) appeals from a trial court order awarding attorney fees to petitioners and respondents James P. Spears and Andrew M. Wallet (collectively respondents). At issue is whether respondents' renewed motion for attorney fees is governed by Code of Civil Procedure section 1008, subdivision (b) (section 1008), or rule 3.1702 of the California Rules of Court (rule 3.1702). Lutfi contends that rule 3.1702 controls, and that respondents' renewed motion for attorney fees was untimely pursuant to that rule. Alternatively, Lutfi argues that even if section 1008 governs, respondents' renewed motion was still untimely and should have been denied. Contrariwise, respondents assert that section 1008, subdivision (b), controls, and that their renewed motion for attorney fees was not untimely.

Like the trial court, we conclude that section 1008, subdivision (b), controls, and that respondents' renewed motion for attorney fees was not untimely. Accordingly, we affirm the trial court's order awarding attorney fees against Lutfi and in favor of respondents.

## BACKGROUND

I.   *Restraining order and original motion for attorney fees*

On January 30, 2009, respondents, acting on behalf of conservatee Britney Spears, initiated restraining order proceedings against Lutfi, Jon Jay Eardley (Eardley), and Adnan Ghalib (Ghalib). On April 28, 2009, the probate court (Hon. Aviva K. Bobb) issued a three-year restraining order against Lutfi, Eardley, and Ghalib. Eardley timely filed a notice of appeal from the trial court's order. On April 29, 2009, Lutfi filed a separate notice of appeal.

While Eardley's and Lutfi's appeals were pending, respondents moved the trial court for attorney fees. Lutfi opposed their motion, arguing, inter alia, that the trial court should not entertain the request while his appeal was pending.

On June 2, 2009, the trial court (Judge Bobb) determined that respondents were the prevailing parties with respect to the restraining orders issued on April 28, 2009, against Lutfi, Eardley, and Ghalib. It awarded $11,500 in attorney fees and costs against

2

Ghalib.  However, the trial court declined to rule on any award of attorney fees with respect to Lutfi and Eardley until resolution of both appeals.

Lutfi and Eardley pursued their appeals.  Almost a year later, on May 12, 2010, Lutfi filed a request for dismissal of his appeal.  The Court of Appeal dismissed his appeal, and a remittitur issued on May 14, 2010.  Eardley's appeal was completed when it was decided on the merits; on February 2, 2011, we affirmed the trial court's three-year restraining order.  (*Conservatorship of Spears* (Feb. 2, 2011, B214749 [nonpub. opn.], p. 1.)  The remittitur issued on April 7, 2011.

II.    *Renewed motion for attorney fees*

On April 19, 2012, respondents filed a renewed motion for attorney fees.  They argued that pursuant to section 1008, subdivision (b), and the inherent discretion of the trial court, they were entitled to attorney fees and costs.  Respondents sought $114,552.90 in attorney fees and costs against Lutfi.

Lutfi opposed the renewed motion on the grounds that it was untimely and therefore outside the probate court's jurisdiction.

After considering all of the issues and entertaining oral argument,[1] the probate court (Hon. Reva G. Goetz) granted respondents' renewed motion.  In its minute order, the probate court noted:  "This matter came for hearing on a renewed Motion for Attorney Fees against Sam Lutfi and Jon Eardley resulting from a finding by Judge Aviva K. Bobb on June 2, 2009 that the Conservatorship was the prevailing party after issuing restraining orders against Mr. Lutfi and Mr. Eardley.  The ruling on the specific amount of the attorney fee award was deferred until after the resolution of any matters before the Court of Appeal.  [¶]  At the hearing on June 20, 2012, the court granted the motion based on Judge Bobb's previous order.  The determination of attorney fees was taken under submission for the court to review each attorney's fee declaration and

---

[1]    At the hearing, Lutfi's attorney in his civil lawsuit against Britney Spears's family members (Joseph Schleimer), purported to "specially appear" on behalf of Lutfi, who was appearing in propia persona.  The trial court found that Mr. Schleimer had no standing to appear.

supporting fee statements.  [¶] . . . The court also finds that this was not a routine restraining order matter as asserted by Mr. Lutfi in his opposition to the motion filed on May 19, 2009."

In so ruling, the trial court noted that "there's no time requirement for when the renewed motion can be brought."  It also rejected Lutfi's contention that rule 3.1702 barred the renewed motion, reasoning that rule 3.1702 does not apply to renewed motions.

On June 28, 2012, the trial court awarded respondents $92,843 in attorney fees and costs against Lutfi.  The trial court order specifically indicates that it was "based on Judge Bobb's previous order."

Lutfi's timely appeal ensued.

## DISCUSSION

### I.  Standard of review

At issue is whether respondents' renewed motion for attorney fees is governed by section 1008 or rule 3.1702.  Because that is a question of law, we review that issue de novo.  (*Carpenter v. Jack In The Box Corp.* (2007) 151 Cal.App.4th 454, 460.)

### II.  Section 1008, subdivision (b), controls

Section 1008, subdivision (b), provides, in relevant part:  "A party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."

That is exactly what occurred here.  After prevailing on their request for a restraining order, respondents moved the probate court for attorney fees.  The trial court declined to rule on that motion because Lutfi's and Eardley's appeals were pending. Upon resolution of those appeals (Lutfi's by dismissal; Eardley's by opinion), respondents made a "subsequent application for the same order" upon new facts or circumstances, namely they called the probate court's attention to the fact that the appeals

4

were now completed, the restraining orders were firm, and they were entitled to the attorney fees and costs.

In urging reversal, Lutfi argues that the issuance of the remittitur was not a new fact or circumstance; it only related to the trial court rendering her decision. In light of Judge Bobb's reason for deferring her ruling on respondents' motion for attorney fees, this argument makes no sense. The trial court was waiting for the Court of Appeal to resolve Lutfi's and Eardley's appeals. Once that occurred, respondents notified the probate court and renewed their request for attorney fees.

Lutfi further contends that respondents waited too long to bring their renewed motion; pursuant to *New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212–213, and *In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1168–1169, they should have provided a "satisfactory explanation" as to why they delayed. The cases cited are inapposite for the simple reason that section 1008, subdivision (a) (motions for reconsideration), was at play, not subdivision (b) (renewed motions). And, significantly, it has been held that "[s]ubdivision (b) imposes no time limit on the filing of such motions. . . . The applications authorized under subdivision (b) properly allow an application upon 'new facts' to be made at virtually any time prior to final determination of the action." (*Rains v. Superior Court* (1984) 150 Cal.App.3d 933, 944; *Graham v. Hansen* (1982) 128 Cal.App.3d 965, 971 ["[T]o place a time limitation on motions for renewal would produce a result inimical to the efficient administration of justice"]; *Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 160 [a motion brought under § 1008, subd. (b), may be brought at any time].)

Lutfi's lengthy argument notwithstanding, rule 3.1702 does not apply to respondents' renewed motion. Rule 3.1702 and the deadlines contained therein apply to original motions for attorney fees. There is nothing in the language of the rule, and no case authority, to support Lutfi's contention that rule 3.1702 applies to renewed motions for attorney fees.

The cases cited by Lutfi in his opening brief and in his reply brief do not compel a different analysis or result. *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422 merely

5

reaffirmed the time limits for motions for attorney fees; it speaks nothing to the timing of renewed motions. *Kunysz v. Sandler* (2007) 146 Cal.App.4th 1540, 1543 (*Kunysz*) considered the timeliness of a motion for reconsideration (§ 1008, subd. (b)) in connection with an anti-SLAPP[2] motion (Code Civ. Proc., § 425.16). The *Kunysz* court held that the moving party had to "meet the requirements of both statutes. Thus, in addition to fulfilling the requirements for a motion for reconsideration, [the moving party] was required to establish why considering the anti-SLAPP motion at such a late date was proper." (*Kunysz, supra*, at p. 1543.) Respondents did so here—not only was the original motion for attorney fees timely, but the delay was the result of the trial court's decision to wait until resolution of the appeal.

Similarly, *Stephen v. Enterprise Rent-A-Car* (1991) 235 Cal.App.3d 806, 817 concerned a motion for reconsideration following an order denying certification of a class action, which disposed of that action and was in and of itself an appealable order. Judge Bobb's order, deferring her decision on the amount of attorney fees to the prevailing party, was not a final, appealable order. Last, *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106 confirmed that the California Rules of Court "'have the force of statute to the extent that they are not inconsistent with legislative enactments and constitutional provisions.'" (*Id.* at p. 125.) That principle is unavailing to Lutfi here because rule 3.1702 has nothing to do with respondents' renewed motion for attorney fees.

---

[2]    SLAPP is an acronym for strategic lawsuit against public participation. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 813, overruled in part on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.)

**DISPOSITION**

The order of the trial court is affirmed.  Respondents are entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J
BOREN


_____, J.
CHAVEZ